## J. M. ROBERTSON v. MARSH & McKELLER.

1. ILLEGAL CONTRACT.—Money paid to effect the release of one accused of theft cannot be recovered, nor will money so paid be allowed to support a plea of payment upon an account held by the party so receiving the money; otherwise if the credit had actually been allowed.
2. Nor would a subsequent promise to allow such payment as a credit on account be enforced.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

Bryant Marsh, Ed. McKeller, and John McKeller, as surviving partners of Marsh & McKeller, of Shreveport, Louisiana, and Miller & McKeller, of Texas, sued J. M. Robertson on an account.

Defendant pleaded payment.

The testimony showed the correctness of the items of account claimed by plaintiffs, and of the credits insisted on by defendant, save as to two hundred and fifty dollars gold. This sum was claimed as a credit, by reason of payment of that sum by defendant to Marsh, of one of the firms, to procure the release of one Carter, who had been arrested on the charge of theft of money from Marsh & McKeller.

Carter was subsequently prosecuted, and therefore it was insisted that the money paid for Carter's release should go to credit on defendant's general account, such being the agreement.

The principal facts appear in the opinion.

The court charged the jury :

" If the defendant paid any money to plaintiffs or their agent, and paid it on consideration that one Carter, charged with theft, should be released and not further prosecuted, the jury is instructed that the defendant cannot recover for the same, nor is there sufficient consideration to support a subsequent promise to pay the same."

The defendant asked the court to give the instructions following :

" That if the jury believe from the testimony that defendant advanced $250 to Carter, at the instance of Carter and plaintiffs, to enable the said Carter to effect his release from the prosecution of plaintiffs, and that defendant had no connection with the cause of said Carter's arrest, and only acted to aid him ; and you further believe from the testimony that plaintiffs agreed to restore the money to said defendant, and that they did, in settlement with the defendant, afterwards allow said sum, and agreed that they were fully paid by defendant, you will find for the defendant."

This charge was refused.

The jury found for the plaintiffs. Motion for new trial was overruled, and Robertson appealed.

*James H. Jones,* for appellant.

*Jones & Henry,* for appellees.

MOORE, ASSOCIATE JUSTICE.—There can be no question that the agreement between the parties, upon which appellant paid appellees the two hundred and fifty dollars, from which the matter now in controversy had its origin, was contrary to public policy, and cannot be regarded as a consideration to support an executory contract. Nor, indeed, does appellant insist that the alleged promise of appellees to repay the money which he paid them, as he says in his evidence they promised to do, would entitle him to enforce their undertaking. But he insists that the money had been repaid him by a credit upon the account on which this suit is brought; and in this way, as he maintains, the account has been fully settled and discharged.

If appellees did, in fact, consummate the alleged agreement to refund the money paid them on the original agreement by giving credit for it upon the account, they can no more cancel or withdraw the credit without his consent than can appellant force them to give such credit if it has not been done. The sole point at issue, therefore, is whether there was such an agreement as alleged by appellant; and if so, was it consummated and carried into effect; or, rather, the practical question in this case is, whether there is evidence in the record tending to show that the credit had been given. If so, the charge asked by appellant and refused by the court should have been given. The only testimony bearing on the subject is that of appellant; and as he purports to be cognizant of and to testify with reference to all the facts upon which he relies to show that the agreement to give the credit was consummated and carried into effect, if the matters stated by him did not show it with such reasonable certainty as to have sustained a verdict in his favor, it cannot be said that the court erred in refusing to give the charge asked by him.

An inspection of the statement of facts shows, in our opinion, that the evidence is not sufficient to support appellant's defense. The credit certainly had not been given when he called for his account. He does not say that this was done on his reminding appellees of their promise to give it. The balance of his account, if the credit should be allowed, was ascertained and paid. Still the account was not closed; but instead of doing this, "one of the appellees" told him to let the matter stand, and he would make it all right; and then, says appellant, "They had never given him the credit, as Marsh had agreed to do."

The legitimate inference to be drawn from appellant's statements is, that on faith of the promise given him "to make it all right," he confidently relied upon ultimately receiving the credit, but that he did not and could not have supposed that this promise had been in fact fulfilled, and the credit actually given. Until this was done the promise was an executory agreement without consideration upon which it could be enforced.

The judgment is affirmed.

AFFIRMED.