### E. A. T. TEAGUE ET AL. v. W. T. WILLIAMS ET AL.

#### No. 178.

**1. Overruling Exceptions—Harmless Error.**—Overruling special exceptions to so much of an answer as by way of cross-petition seeks alternative relief in case plaintiff should recover, if error, is harmless where plaintiff does not recover and the alternative relief asked in the cross-petition is not granted.

**2. Special Charge Properly Refused.**—Where the charge given by the court respecting the rights of a wife in the community property and a partition settlement made between her and her husband after separation, was correct, a special charge upon that point was properly refused.

**3. Contracts—Illegal Consideration—Equity.**—Appellants sought to have a deed made by them set aside upon the ground that the consideration therefor, in part, was the dismissal of a criminal prosecution against them. See

opinion for charge upon this point held correct. Appellants can not be heard in a court of equity to allege their own unlawful acts as a ground for setting aside a settlement and conveyance, especially when they do not offer to do equity by tendering the purchase money received by them for the property.

APPEAL from Fannin. Tried below before Hon. E. D. McCLELLAN.

*W. C. Duncan* and *Richard B. Semple*, for appellants.—1. Where a wife and her husband separate permanently, and in contemplation of such separation, make partition deeds of their common property to each other, and make their children beneficiaries with themselves under said deeds, and thereafter the children sue their mother to assert their rights under the deed to said mother, and in such suit judgment is rendered in favor of their mother, this judgment can not be attacked and vacated in a suit subsequently brought by the mother against the father and children in which it is sought to vacate the first deeds of settlement, or on failure thereof to cancel a deed made by the mother to the father for the land received by the mother in the settlement, on the ground that there was no valid deed made by the mother to the father, and that the consideration was illegal. McAnear v. Epperson, 54 Texas, 220; Cannon v. Hemphill, 7 Texas, 184; Martin v. Weyman, 26 Texas, 460; Black on Judg., sec. 252.

2. When a husband and wife permanently separate, and in contemplation of such separation make deeds of partition of their community property, the same will be upheld, if such partition is just and equitable; but the wife must receive substantially one-half of said community property. Rains v. Wheeler, 76 Texas, 390; Ximenes v. Smith, 39 Texas, 49; Kelley on Cont. of Marr. Women, sec. 29; Bish. on Marr. and Div., sec. 637.

3. If Mrs. Teague owned the town property, and her former husband, Williams, filed an information of adultery against her, and a promise was made to her that if she would deed said Williams the town property the prosecution would be dismissed, and said promise was one consideration for the execution of the deed, such promise would invalidate the deed; and most certainly so in the case at bar, when the deed of September 5, 1887, requires the action of the court to validate the same by correcting the certificate of acknowledgment to said deed, which is defective in failing to state that Mrs. Teague was known to said officer. McKee v. Anderson, 78 Texas, 207; 2 Pome. Eq. Jur., secs. 936, 940; Wade on Notice, secs. 687, 688; Penal Code, art. 272; Bish. on Con., secs. 122, 74.

*Lusk & Thurmond*, for appellee W. T. Williams, and *R. M. Lusk*, guardian ad litem, for minor appellees.—1. The ruling of the court upon appellants' special exception to minor appellees' cross-petition, if erroneous, could not have prejudiced appellants. Rains v. Wheeler, 76 Texas, 390.

2. An illegal contract between appellants and some one else does not affect a legal contract made by appellants and appellee W. T. Williams, though appellants would not have made the legal contract unless they had first been able to consummate the illegal one; and on a conflict of evidence as to whether or not a party participated in an illegal contract, this court will not disturb a finding of the jury that he did not. Armstrong v. Toler, 11 Wheat., 258.

LIGHTFOOT, CHIEF JUSTICE.—*Conclusions of Fact.*—From the facts proved and the verdict of the jury thereon, we find the following:

1. That from the fall of 1872 until about March 2, 1887, appellee W. T. Williams and appellant E. A. T. Williams (now Teague) were husband and wife; and divorce was granted to the husband by decree of the District Court of Fannin County on the last named date, on the ground of adultery of the wife. They had three children, to-wit, Charles, Susan, and Alpha Williams, who are minors, and parties to this suit, being appellees, and represented by guardian ad litem; and in the divorce proceeding the custody of the children was decreed to the father, W. T. Williams.

2. Said W. T. Williams and wife during their marriage owned a small amount of community property, consisting mainly of some town lots in Bonham and a small tract of 39¾ acres of land in the country, and some household and kitchen furniture worth about $250 or $300. After their final separation and before their divorce, in order to settle their property rights between them, they agreed that Mrs. Williams should take the household and kitchen furniture, Williams paid the community debts amounting to $122, and they agreed to deed said town lots and tract of land in the country to Jasper Newton, trustee (who was the father of Mrs. Williams), with the agreement that he should deed the town lots to Mrs. Williams and the said children, and the tract in the country to said Williams and the children. That in accordance with said agreement they did on July 19, 1886, deed said property to said Jasper Newton, together with some separate property of W. T. Williams. That on the same day said Newton deeded to said W. T. Williams and the children, Charles, Susan, and Alpha Williams, said land, including a portion of separate property owned by said W. T. Williams; and at the same time deeded to Mrs. E. A. T. Williams and said children the said town lots, which said deed was accepted by her, but was never recorded, and has been suppressed. That afterwards, to-wit, on August 30, 1886, said Jasper Newton executed to said E. A. T. Williams alone a deed to said town lots.

3. After the divorce of March 2, 1887, E. A. T. Williams was married to Frank Teague, and a criminal prosecution for adultery was commenced by said W. T. Williams against said Frank Teague and E. A. T. Teague; suit was also instituted by said W. T. Williams in the District Court of Fannin County, as next friend for Charles, Susan, and Alpha Williams,

to set aside the last deed executed by said Jasper Newton to said E. A. T. Williams, August 30, 1886, and to recover their interests in the town lots under the first deed executed by Jasper Newton to said E. A. T. Williams, July 19, 1886, and which had been suppressed or destroyed. This suit was settled by agreed judgment September 5, 1887, wherein the lots were decreed by the court to said E. A. T. Teague, and on the same day said E. A. T. Teague and her husband, Frank Teague, executed to said W. T. Williams a deed for said town lots in consideration of $200 in cash paid by said W. T. Williams. That said settlement was the result of a compromise and family settlement between the parties, brought about by mutual friends and relatives, as well as by the mutual wishes of the parties themselves. The property was worth more than $200, but it was contended by Williams that Mrs. Teague only owned a portion of it, as the first deed to herself and the children had been destroyed, but the title remained as fixed by it; while she contended that it was not equal to her portion of the community estate, and that she owned it under the deed of August 30, 1886.

4. At the time of the settlement, which was procured mainly through the efforts of Jasper Newton, the father of Mrs. Teague, he was anxious to procure the dismissal of the criminal prosecution against E. A. T. Teague and Frank Teague, but the county attorney refused to dismiss them unless he was paid $40, which he claimed was due him for some advice or service in the civil suits. Newton tried to get W. T. Williams to pay this sum, but he declined to do so, and said he would pay the $200 he promised as the consideration for the lots, but he would pay no more. The settlement was made, the $200 paid by Williams, and out of the same said Teague and wife paid the county attorney the $40, but Williams had nothing to do with such payment or with the settlement between Teague and wife and the county attorney. The settlement was made September 5, 1887. The prosecutions were dismissed by the county attorney November 22, 1887.

5. This suit was brought February 7, 1890, by Teague and wife to set aside the settlement on the ground of fraud and duress, and recover a one-half interest in the property owned by Williams at the time of the divorce. There was a verdict and judgment for defendants below, from which this appeal was taken.

*Conclusions of Law.*—The first assignment of error is as follows:

"1. The court erred in overruling plaintiffs' special exceptions to defendants Charles, Susan, and Alpha Williams' cross-petition, wherein they seek to vacate the judgment rendered on September 5, 1887, by said District Court, whereby the plaintiff E. A. T. Teague recovered from said defendants said town property; for the reason that in this action no such issue could be made, and such a proceeding is an attempt to attack col-

laterally a judgment of said court upon a matter fully within its jurisdiction."

The minor appellees, the children Charles, Susan, and Alpha, by their guardian, prayed in the alternative, that in the event plaintiffs should recover in the case, that the agreed judgment of September 5, 1887, be set aside, and that they have a decree for their interest in the property; that the agreed judgment of September 5, 1887, was a part of the general compromise and family settlement, and if appellants had succeeded in setting aside a part of it, the parties all being in court, the whole settlement should have been set aside. But plaintiffs did not recover, the judgment was not set aside, and even if the ruling complained of had been erroneous, it was harmless.

2. The third assigned error is as follows: "The court erred in refusing to give to the jury the only special charge asked by plaintiffs' counsel, wherein the interest of plaintiff E. A. T. Teague in the property owned by her and her former husband, W. T. Williams, at the date of the separation deeds was defined, and the jury was instructed as to what is meant by the term 'fair and equitable, used by the judge in his charge to the jury.'"

The special instruction asked by appellants is as follows: "The interest of plaintiff E. A. T. Teague to the community property of herself and her first husband was an undivided half thereof; and in order to render the division of said community property in said partition settlement through said trustee, Newton, just and equitable, she must have received substantially half of said community property in said settlement."

The partition settlement was made after the separation. By it the country property was conveyed to W. T. Williams and the minor appellees, and the town property to Mrs. Williams, now Teague, and the minor appellees. The real property under the settlement was conveyed to Jasper Newton, who reconveyed it to the parents and the children in the manner above stated, in accordance with their own agreement. The court, after instructing the jury that the partition settlement must have been willingly made by Mrs. Teague, without coercion and undue influence on the part of Williams, further instructed them, that they must believe that the division was fair and equitable for appellant Mrs. Teague to render it valid; and that the portions must have been approximately equal in value to make the partition equitable; and that in ascertaining that fact, they might consider the amount of personal property received by each, and the amount of debts paid, if any.

We think the charge of the court, as given, was just and equitable, and that the special charge asked was properly refused. Rains v. Wheeler, 76 Texas, 390; Turner v. Shaw, 9 Am. St. Rep., 319, note; 2 Pome. Eq., sec. 932.

3. Appellants' fourth assignment of error is as follows: "The court erred in charge number 6, wherein the judge instructed the jury, that

even though they should find that one consideration for the execution of said deed of September 5, 1887, by plaintiff was an agreement or promise of the dismissal of a criminal prosecution, yet if such agreement or promise to plaintiff was entered into or made by some person other than Williams or other than one acting for him, it would not affect the validity of said deed, unless said Williams brought or carried on such prosecution with the intent and purpose thereby to induce plaintiffs to convey their property to him; because there is no evidence to base such a charge on, and if Williams received the benefits of said illegal contract, he is not in the situation to say that he took no part in said illegal agreement from the execution of which he reaped the fruits.''

The sixth charge of the court, as contained in the record, is not upon the subject mentioned in this assignment. This objection to the charge is made for the first time in this court. We suppose that the assignment was aimed at the fifth charge as given. That is a full and clear charge of the court upon the subject, in which the jury are instructed, in substance, that if any part of the consideration of said deed of September 5, 1887, paid or promised by W. T. Williams, or any agents of his acting for him, was that a criminal prosecution against Teague and wife should be dismissed or should not be prosecuted, or that such prosecution was instituted or carried on by Williams to influence plaintiffs to make such settlement, then the same was void; but that an agreement by some person other than Williams or his agents, or some one acting for him, to dismiss such prosecution would not affect his deed. The charge as given by the court is fair to both sides, and there was ample evidence upon which to base it. If the transaction in procuring the criminal prosecution to be dismissed and the payment of the $40 to the county attorney was unlawful, and thereby tainted the whole transaction with fraud, it is fully shown from the evidence that it was done at the instance of appellants, and by their agents and for their benefit. They cannot be heard in a court of equity to allege their own unlawful acts as a ground for setting aside a settlement and conveyance, especially where they do not offer to do equity by tendering the purchase money received by them for the property. Hunt v. Turner, 9 Texas, 389; Green v. Matthews, 44 Texas, 405; Jones v. Williams, 41 Texas, 390; Robertson v. Marsh, 42 Texas, 149.

4. The only remaining assignment of error presented by appellants is the eighth, which is upon the refusal of the court to grant a new trial upon the facts. The judgment is sustained by the facts, and we think substantial justice was reached.

The judgment is affirmed.

*Affirmed.*

Delivered February 8, 1894.