Robert and Nancy Newland, Adm'rs, v. Clarinda Holland.

1. MARITAL RIGHTS—SEPARATION.—A widow, who, without cause, abandons her husband, and lives apart from him until his death, cannot claim homestead rights as a constituent member of the family; but such acts do not deprive her of her distributive share of the husband's separate property.

2. PARTITION—PARTIES.—A suit for partition by the widow, for her distributive share of her deceased husband's estate, cannot be maintained without making his children, if any, parties.

ERROR from Coryelle. Tried below before the Hon. J. P. Osterhout.

*F. H. Sleeper*, for plaintiffs in error.

MOORE, ASSOCIATE JUSTICE.—The assignment of errors in
this case, are none of them sufficiently specific and definite to
require any consideration from this court.   But as the deter-
mination of the question sought to be presented by these
assignments, is essential to the proper distribution of the
estate of appellant's intestate, it may not be amiss for us to
express our views upon it, although appellants would have
no just cause to complain if we declined doing so, even
though there was manifest error in the rulings of the court
to which the assignment of error evidently has reference.

That a wife who voluntarily, and without any just and
reasonable cause, abandons and separates herself from her
husband, and continues, in wanton disregard of her duties as
a wife, to live separate and apart from him at the time of his
death, is estopped and precluded from claiming the home-
stead rights given by the Constitution and statutes to the
surviving wife is not now an open question in this court.
See Sears *v.* Sears, decided at a former day of this term, and
the cases then cited.   But it by no means follows that the
court can hold, that by so doing she also forfeits her entire
interest in the community estate or the distributive share of
the separate property of her deceased husband, given her by
the statute.                                :                      ,

The homestead is intended for the comfort and security of
the family, and for like considerations its rights and privi-
leges are extended to and conferred upon the family of the
decedent, after his death, so long as any constituent of it
remains.   But it is only when there is a family, or some re-
maining constituent of the family, surviving him that the
rights and privileges of the homestead subsist or are recog-
nized by law.   Unquestionably when the wife has voluntarily
and without cause withdrawn from and destroyed the family,
ceased to be a member of it, it would be mockery to say that
she is reunited to or become again a member of it by the

death of her husband, or can claim privileges and immunities which by law are only given to the family or some surviving constituent of it.

But the right of the surviving wife to her interest in the community property, or her distributive portion of the separate estate of her deceased husband, grows out of and depends upon the existence of the marital relation between the parties, and not merely upon continued existence of the family. It may be, that by the separation, the community interest in future gains will cease; but certainly it does not work a forfeiture in such as have been previously acquired. And the mere withdrawal of the wife from the husband and continuance to live separate and apart from him, however unjustifiable and improper her doing so may be, does not operate and cannot be treated as tantamount to a severance of the marital relation. Though the husband may have good cause for annulling the marriage, evidently, unless he chooses to do this, the mere improper and wrongful withdrawal by the wife, and her living apart from him, cannot have this effect. And if he does not choose, by his will, to deprive her of the distributive interest in his separate estate, which the statute gives her, in the absence of any testamentary disposition of his property by her husband, it is not conceived that the court has any power to do so.

But, although there is no error in the rulings of the court in the matter referred to in the assignment of errors, we think an inspection of the record shows that the entire proceeding in this case is manifestly irregular and defective, and that there is no proper basis furnished, either by the pleading or proof, upon which the court could render its judgment; and that there is error, going to the foundation of the action, apparent on the face of the record, for which the judgment must be reversed.

In her original and amended petitions, appellee asks, not only that the homestead of herself and husband be set apart to her as the survivor of the family, and if it should be found

that they had in fact no homestead at the time of her husband's death, that an allowance be made her in lieu thereof, and that an amount sufficient for a year's support be allowed her, but she asks also for the revision and correction of many of the matters done by the administrators in the course of their administration upon the estate, as well as the orders of the court thereon. She also prays that appellees be held to a strict settlement of the estate, and that she have judgment against them for her part of the community estate of herself and husband, and likewise for the share or interest in his separate property to which by law she is entitled as surviving wife.

On the hearing, no notice whatever was taken of the alleged acts of maladministration and alleged erroneous rulings and orders of the court in respect thereto.

It was admitted by appellant "that there is no community property, or homestead, or separate property, belonging to said Clarinda Holland, at the date of the marriage, nor when she came to or left Texas; but that all the property was the separate estate of William Holland, purchased with his money, which came to his possession before he married said Clarinda." The sole issue between the parties seems to have been whether appellee's voluntary and unjustifiable separation from her husband, which was fully established by appellants, and was neither controverted nor attempted to be justified by her, operated as a forfeiture of her alleged claim for a substituted homestead, (if the court has authority to make an allowance of this character in any case, as to which the writer intimates no opinion,) and also the distributive share to which by the statute the surviving wife is entitled out of the separate estate of her deceased husband, dying intestate. But it is not averred that the estate is in a condition for final distribution among those entitled to it, or even that a partial distribution can be made without detriment to their interest. Nor is it alleged or shown whether or not there were any debts due from or to the estate. And although it appears from the

statement of facts that there were surviving children of the decedent, their number, names, and condition are not made known; even their very existence is not mentioned by appellee in her original or amended petition.

The statute emphatically declares that, " each person entitled to a distributive share of an estate, and not applying for distribution, shall be cited before distribution shall be ordered." (Paschal's Dig., art. 5744.) In the face of this plain statutory provision, it surely cannot be insisted that a judgment in favor of appellee for a distributive portion of the estate is of any binding force or validity against other distributees, who were not made parties to the proceeding. It certainly cannot be supposed, for a moment, that the interest of the other distributees was represented by the administrator.

The judgment of the court cannot be held to settle or determine appellee's right to a share of the estate, and it must therefore be regarded as inoperative and void. If it would in any way influence the final settlement of the estate, it would do so merely from the conviction in the minds of those interested in the soundness of the principles it announced, and not from its authority as a valid and binding adjudication on the question it decides. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.