### MRS. MARIA RAINS v. R. T. WHEELER, EXECUTOR.

#### No. 2820.

1. **Trespass to Try Title—Petition.**—It seems that in an action of trespass to
try title, if the petition alleges that the plaintiff is the owner in fee simple of the land
sued for, and that the defendant was setting up a pretended title thereto, such petition
would be good on general demurrer, notwithstanding the statutory form of petition
prescribed in Revised Statutes, article 4786.

2. **Same—Pleadings.**—Where in an action of trespass to try title the defendant
specially sets up the facts relied upon to show ownership in one-half interest in the
land, and the plaintiff in replication or supplemental petition controverted such claim
to one-half, these pleadings presented the issues tried, and any formal defect in the
original petition would be immaterial.

3. **Deeds Between Husband and Wife — Separation. —** Deeds of separation
made after the separation, or when in the act of separating, are valid so far as they
settle the rights of property between the husband and wife, if made without coercion
or undue influence, and the provisions are just and equitable.

4. **Case in Judgment.**—After a separation and an unsuccessful suit for divorce brought by the wife, and in contemplation that the separation should continue, the husband and wife agreed upon a partition of their property. In accordance with the agreement the husband conveyed to the wife part of his separate property, and the tract of land here in controversy being community property it was conveyed by husband and wife to a trustee for use of the husband upon his share in the agreed division. The trustee subsequently deeded the land to the husband. *Held*, that the land became the separate property of the husband, and that upon his death his widow could assert no claim therein of community rights against his executor.

5. **Statement of Facts—Want of Diligence.**—The Act of March 4, 1887 (Sayles' Civil Stats., art. 1379a) only dispenses with the limitation in preparation, etc., of statement of facts as to time when there has been no lack of diligence in preparing the statement of facts. It does not dispense with the prerequisite of the approval and signature of the judge.

6. **Same—Fact Case.**—See facts showing want of diligence in preparing a statement of facts.

7. **Stenographer's Report of Testimony.**—The use of the stenographer's report of testimony in a statement of facts criticised and condemned.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Howard Finley* and *Wharton Branch,* for appellant. — 1. The court erred in overruling the general demurrer and exceptions of defendant to plaintiff's petition, because the same does not allege the possession of the real estate described in' said petition to be in any person who is party to the suit, and does not set out the nature of the claim of defendant to said property which he asks to be removed as cloud upon title. Rev. Stats., art. 4786; Branch v. Baker, 70 Texas, 194.

2. When a pleading does not conform to the rules governing the court, it is the duty of the trial judge to strike it out. Rev. Stats., art. 1262; Rules Dist. Court, 3-13; Ins. Co. v. Camp, 64 Texas, 521.

3. A petition stating that a married woman conveyed the community property to her husband during the coverture, and that thereby the property became the separate property of the husband, alleges a fact upon which the law makes the alleged conclusion of its becoming separate property an impossibility. Rev. Stats., arts. 28, 52, 53; Hudson v. Wheeler, 34 Texas, 369; Cox v. Miller, 54 Texas, 16.

4. Where the facts alleged in a petition disclose a state of case upon which the plaintiff is not entitled in law to recover, judgment should be rendered for defendant on demurrer. Rev. Stats., art. 1262; Catlin v. Glover, 4 Texas, 151; Laredo v. Russell, 56 Texas, 403; Reid v. Allen, 18 Texas, 248.

5. The wife can not convey the community property to her husband during the coverture, nor can she consent that property conveyed to her husband during the marriage shall become his separate property. The law defines the status of property acquired by the husband during the mar-

riage.    Rev. Stats., arts. 2852, 2853; Reagan v. Holliman, 34 Texas, 412; Cannon v. Boutwell, 53 Texas, 627; Peak v. Brinson, 71 Texas, 316; Tyler's Inf. and Cov., 2 ed., secs. 215, 229, 335.

6.    Plaintiff's supplemental petition alleges the execution on December 15, 1884, of a deed from Rains and wife to Wheeler for their community property, and says he paid nothing for it; also, that he conveyed the same back to Rains, without consideration, on the same day, and by a (verbal) agreement of the wife; that said property became thereafter the separate estate of her husband.    But plaintiff does not allege that there was an agreement between Rains and wife to live separate and apart, and in fact there was no such agreement.    Hall v. Jackson, 3 Texas, 305; Young v. Lewis, 9 Texas, 73; Denison v. League, 16 Texas, 399; Markham v. Carothers, 47 Texas, 21; Stephenson v. Bassett, 51 Texas, 544; Laredo v. Russell, 56 Texas, 403, and authorities cited; Railway v. Pfeuffer, 56 Texas, 71–75; Railway v. Garrett, 52 Texas, 139, and authorities cited.

7.    The court erred in refusing to approve the statement of facts agreed to by the attorneys and filed in this cause.    Rev. Stats., art. 1379a; Ball v. Collins, 66 Texas, 467; Austin v. Jordan, 5 Texas, 130; 11 Texas, 15; 38 Texas, 196; 5 Texas, 18.

*McLemore & Campbell* and *H. W. Rhodes*, for appellee.—The claim made by the plaintiff, the executor of George C. Rains, deceased, as set up in the first supplemental petition, was a just and proper claim, and was so found to be by the verdict of the jury under a proper charge of the court on the issues arising out of the pleadings and evidence.

A voluntary post-nuptial agreement made between husband and wife after a long and final separation—and made fairly and honestly so as to give full justice and equal distribution of property rights to the wife—and entered into in order to promote peace and good order and the welfare of the family, will be upheld in equity, and the settlement will be treated as intended between the two parties.    Holliday v. White, 33 Texas, 447; Ximines v. Smith, 39 Texas, 52; Tyler on Inf. and Cov., art. 336, p. 494, and authorities.

GAINES, ASSOCIATE JUSTICE. — This suit was brought by R. T. Wheeler, as executor of the will of George C. Rains, against appellant to determine the title of the estate represented by him to certain parcels of real estate in the city of Galveston.    The issuable averments in the petition are, in brief, that the estate of plaintiff's testator is the owner in fee of the property, and that the defendant, for the purpose of injuring the estate, and to prevent a sale of the lots, was setting up a pretended claim to them, and that such claim was a cloud upon the title.    The prayer was that the cloud be removed, and that the plaintiff may have

general relief, etc. A general demurrer was interposed to the petition and it was overruled. The ruling on the demurrer is assigned as error.

In Shepard v. Cummings, 44 Texas, 502, it is held that where the leading object of a suit is to try the title to land, the additional allegation that the adverse claim is a cloud upon plaintiff's title does not change the real character of the action. The petition contains, in substance, the allegations of the statutory action of trespass to try title, with the exception that it does not expressly allege that the plaintiff was entitled to the possession, and that the defendant had unlawfully entered upon and dispossessed him of the premises, etc. It seems to us that the averments that the estate was the owner in fee simple of the land, and that the defendant was setting up a pretended claim to the property, are sufficient to justify, upon general demurrer, the reasonable intendment that the plaintiff was entitled to the possession of the premises. The other question is more difficult. The action of trespass to try title is the only formal civil action known to our law, and the statute states substantially what the form shall be. Rev. Stats., art. 4786. But while one of the requisite allegations of the petition is that the defendant has entered upon and dispossessed the plaintiff, it was evidently intended that it should not be necessary to prove that allegation.

Article 4790 of the Revised Statutes provides that "the defendant in the action shall be the person in possession if the premises are occupied, or some person claiming title thereto if they are unoccupied." Article 4794 also provides that an answer to the merits shall be deemed an admission by the defendant that he was in possession of the premises or claimed title thereto at the time the suit was instituted. We think it evident, therefore, that it is not necessary to the maintenance of this action that the defendant should have possession of the disputed premises. It is sufficient that he claims title thereto. Why, then, under our liberal rules of pleading, should not the allegation that defendant is claiming the premises, when such is the fact, be as effectual to maintain the action as the fiction that the defendant has taken possession and withholds the same from plaintiff? If it were necessary definitely to decide the question we should hesitate before holding the petition bad on general demurrer.

We do not think it necessary; for if the general demurrer to the petition had been well taken, we are of opinion that no prejudice has accrued to the defendant from overruling it. In connection with her other pleadings, she filed a plea in reconvention, in which she claimed of the plaintiff an undivided one-half interest in the property described in the petition, as well as other property alleged to be in his possession as executor of the will of George C. Rains, deceased, and prayed that she have judgment for its recovery. In reply to this, plaintiff filed a supplemental petition, in which he fully and specially pleaded his testator's title. The plea in reconvention and the plaintiff's reply thereto were sufficient to pre-

sent the issues, and so far as mere pleadings are concerned, to warrant a judgment for either party. If the original petition had been stricken out, no reason is seen why the case should not have proceeded to trial and judgment upon the plea in reconvention and plaintiff's supplemental petition in reply thereto. The latter, as well as the original petition, contains a prayer for specific, and in the alternative, for general relief.

What has already been said is a sufficient answer to appellant's second assignment of error. The allegations in the supplemental petition might properly, in part at least, have been pleaded as an amendment to the original petition, but they were also proper in reply to the cross-action of defendant.

Appellant's third assignment of error presents a question which lies at the foundation of plaintiff's claim, and we here copy it:

" The court erred in overruling the exceptions of defendant to plaintiff's supplemental petition for the grounds stated in exception No. 2 in defendant's first supplemental answer, and because the supplemental petition showed on its face that the property was common property of plaintiff's testator and defendant, his surviving wife, and she was and is entitled to one undivided one-half thereof in her own right."

In her plea in reconvention the defendant alleged that she and plaintiff's testator had been lawfully married, and that she was his wife at the time of his death; that the property described in plaintiff's petition, as well as other property claimed by her, had been acquired during the existence of the marriage between her and her husband, and that as such it was community property and she was entitled to one-half thereof. In the supplemental petition the existence of the relation of husband and wife between George C. Rains and defendant was admitted, but it was averred that long prior to his death he and the defendant had lived separate and apart from each other; that during the time of their separation she had brought a suit against him for divorce and for a division of property, which was decided against her, and that after the termination of that suit, being still separated, in consideration of that fact and of their agreement to continue to live apart, they agreed together upon a division of their property. It was further alleged that in pursuance of such agreement he conveyed to her by deed certain property, in the pleading described and alleged to be of his separate estate, and that on the other hand they jointly conveyed to R. T. Wheeler (now the plaintiff), as trustee, the property in controversy in this suit for the sole use and benefit of the husband. It was also alleged that plaintiff subsequently conveyed the property to George C. Rains, now his testator. It was alleged that the division of the property between the husband and wife was equitable and fair.

The question presented has never been decided, so far as we are advised, by this court. In Ximines v. Smith, 39 Texas, 50, it is intimated

that equity will, under certain circumstances, enforce post-nuptial agreements between husband and wife where their terms are fair and equitable. But the facts of that case bear no analogy to the facts of this. At common law, agreements between husband and wife, commonly known as separation deeds, have usually been treated as against public policy and as capable of a partial enforcement only. All deeds for future separation are held to be absolutely void; but where the spouses have already separated, or have determined upon a separation and are in the act of executing it, a conveyance by the husband intended as a provision for the support of the wife will be upheld. In other respects a deed of separation was held void. This was the carefully restricted doctrine at an early day in the English courts, and as so limited it has been universally recognized in the courts of this country. The tendency of the later English cases is to extend to deeds of separation a more liberal support (1 Bishop on Marriage and Divorce, section 634a), while by the weight of authority in the American courts they are held valid in so far as they settle the rights of property between the husband and wife, provided they have been entered into without coercion or other undue influence, and the provisions are just and equitable. Hitner's Appeal, 51 Pa. St., 110; Hutton v. Hutton, 3 Barr, 100; Dillenger's Appeal, 11 Casey, 357; McKennon v. Phillips, 6 Whart., 571; Loud v. Loud, 4 Bush, 453; McHubbin v. Patterson, 16 Md., 179; Randall v. Randall, 37 Mich., 563; Robertson v. Robertson, 25 Ia., 350; McKee v. Reynolds, 26 Ia., 578; Walker v. Walker, 9 Wall., 743; see also Fox v. Davis, 113 Mass., 255; Snitzer v. Snitzer, 26 Gratt., 574. In most of the cases cited the only interest in property relinquished by the wife in the agreement was her dower in the husband's lands. But we think that in a jurisdiction where the spouses hold each an equal interest in the property acquired during marriage, the same principle should apply to deeds of separation which make a partition of the common property. Unless against the policy of the law, and on that account void, there is no difficulty in giving effect to the conveyances in the present case. The power of the husband in this State to convey direct to the wife is well established by our decisions; and at common law the wife may convey to the husband through the intervention of a trustee, as was done in this case.

If the allegations in the petition were true, the property in controversy was the separate property of plaintiff's testator at the time of his death, and the exception to the petition was not well taken.

What we have said is sufficient to dispose of all other special exceptions except such as raise the question of the sufficiency of certain alternative averments. After stating the facts the plaintiff prayed that in the event the conveyance from Rains and wife to himself in trust for Rains be held invalid, that Rains' conveyance to her should be held of no effect, and that he be permitted to recover his testator's original interest in the prop-

erty attempted to be conveyed in that deed; or that at all events the property so conveyed to defendant be treated as an advancement to her out of her husband's estate. The plaintiff having recovered upon his first ground of action, the ruling of the court upon so much of the supplemental petition as sought alternative relief, even if erroneous, could not have prejudiced appellant.

The paper copied into the record and purporting to be a statement of facts was stricken out upon motion on a former day of the term. Without the evidence being brought before us in authentic form we can not determine whether or not there was reversible error in the admission of evidence or in the charge of the court. The bills of exception to the introduction of testimony in this record are not sufficient of themselves to show reversible error. The assignments relating to those matters can not be considered in the present state of the record.

Appellant's twelfth and thirteenth assignments are too general; but if not, could not be considered in the absence of a statement of facts.

The last assignment is that "the court erred in refusing to approve the statement of facts agreed to by the attorneys and filed in the cause." Upon the motion to strike out the alleged statement of facts, we held that for want of the approval of the judge it was a nullity, and that the Act of March 4, 1887 (Sayles' Civil Statutes, article 1379a), did not apply to the case. That act only dispenses with the limitation as to time when there has been no lack of diligence in preparing a statement of facts, and does not dispense with the essential prerequisite of the approval and signature of the judge.

The question now is, shall we reverse the judgment because of the refusal of the trial judge to approve the statement of facts after the close of the term? We take it that without an order entered during the term allowing ten days after adjournment within which to file a statement of facts, it can not be gainsaid that as a general rule the judge has no authority to sign one except in term time; and it may be doubted whether under any state of the case, without such order, he has the power to do so. If the time between the final disposition of the case in the lower court and the final adjournment be too short to allow a proper preparation of the statement of facts, and if the judge upon a proper application refuse to allow the additional ten days for the purpose, it is probable that such refusal should be a sufficient ground for reversing the judgment. So, also, where the appellant is diligently preparing his case and the court adjourns suddenly and unexpectedly without entering an order allowing the ten days, and without notice to his counsel so that they may make application therefor, we are not now prepared to say that relief should be denied. But we are clearly of opinion that if relief is to be extended under such circumstances, it can only be upon a showing of the strictest diligence, and upon proof of the happening of such unforeseen contingency as could not rea-

sonably have been anticipated. In this case the judgment was rendered on the 8th day of May, 1889, and the motion for a new trial overruled on the 13th. The adjournment did not occur until the 27th. It would seem that two weeks was ample time in which to prepare a statement of facts in almost any case. But the excuse is that the stenographer who had taken notes of the evidence had been unable by reason of other employment to write out the testimony until after the court had adjourned.

It was further shown, by affidavit of counsel, that although the term of the court could have continued under the law until June 1, it was, unexpectedly to the attorneys of appellant and to the stenographer, adjourned on the 27th of May. It does not appear that the judge announced that the term would continue until June 1; it is merely negatively averred that when the court adjourned on the Saturday previous (the 25th) no announcement was made that it would finally adjourn for the term on the next Monday. It was also deposed that on Sunday the clerk of the court informed counsel that the court would not adjourn before the middle of the week. This showing is insufficient to excuse the default in this case. It was not the object of the statute, in providing that a stenographer might be appointed to report the evidence in a case, to devolve the duty of preparing a statement of facts upon him, or of relieving counsel in any measure from the responsibility of preparing it and submitting it to the judge within the time prescribed. It is, unfortuately, one of the many provisions of the statute intended to promote the administration of justice that is habitually abused. Instead of using the stenographer's work as a means to assist in preparing a statement of the evidence in accordance with the rules, he is relied upon to make the statement itself. The result is that instead of a concise relation of the evidence introduced upon the trial of a cause, we frequently have the stenographer's report with all the frivolous details and tiresome repetitions characteristic of a verbatim report of a trial. This practice is not in accordance with the rules of this court, and is not to be encouraged. The beginning point, then, in the excuse here presented is that the stenographer did not have time to do what could only have been properly done by counsel. Moreover, when counsel are aware that the end of a term of the court is at hand, and desire to know definitely the day of adjournment, they should make application to the judge himself, and should not rely upon the opinion or conjecture of the clerk. We think that in the present case there was neither diligence shown in the preparation of the statement of facts nor in taking the steps essential to its being approved and filed after the adjournment for the term.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered March 7, 1890.