HARDIN et al. v. HARDIN.   (No. 2169.)

(Court of Civil Appeals of Texas.   Texarkana.
Jan. 22, 1920.   Rehearing Denied
Feb. 5, 1920.)

1. HUSBAND AND WIFE ⟨⟩272(1)—NO PARTITION OF COMMUNITY WHERE HUSBAND ABANDONED WIFE TAKING PERSONAL PROPERTY BUT LEAVING HER IN POSSESSION OF LAND.

Where a husband took all of the money he and his wife owned, about $2,500, two mules, and a wagon, and abandoned her, leaving her, however, in possession of 400 acres of land and other property, there was no partition of the community estate which would prevent the husband, after the wife's death, from recovering a portion of the land.

2. HUSBAND AND WIFE ⟨⟩16—WIFE CANNOT ACQUIRE TITLE TO COMMUNITY ESTATE BY LIMITATION.

Where a husband abandoned his wife, leaving her in possession of the community lands, which possession she retained for 16 years, the wife could not acquire title to the lands by limitations.

3. HUSBAND AND WIFE ⟨⟩265 — RIGHT OF ABANDONED WIFE TO DISPOSE OF COMMUNITY PROPERTY.

That a husband abandoned his wife and their minor children, leaving her in possession of certain personal property and land, but otherwise unprovided for, and remained away until after his wife's death about 15 years later, and after such abandonment contributed nothing to their support and claimed no interest in their earnings, authorized a finding that the wife had power to control and dispose of the property belonging to the common estate in her possession when she was abandoned, or which she afterwards acquired possession of.

4. HUSBAND AND WIFE ⟨⟩272(1)—HUSBAND WHO ABANDONED WIFE DID NOT RELINQUISH ALL INTEREST IN COMMUNITY LAND.

Where a husband abandoned his wife, leaving her in possession of about 400 acres of land, held that, under Rev. St. 1911, art. 4622, which was in force at the time of abandonment, which continued until the death of the wife some 16 years thereafter, the wife did not acquire title to the entire parcel of land on the theory

there was a relinquishment by the husband of his interest therein.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by John L. Hardin against J. W. Hardin and others. From a judgment for plaintiff, defendants appeal. Affirmed.

As a part of the community estate between them, appellee and his wife, Mattie L. Hardin, in 1900 owned about 400 acres of land in Bowie county (on which they owed of the purchase money thereof about $350), and personal property consisting of money, cattle, mules, hogs, wagons, corn, etc., the value of which does not definitely appear from the record. They then, and during several years before that time, with their children, aged respectively 12, 14, and 16 years, appellants here, resided on a part of the land. In March of said 1900 appellee, without any cause whatever for doing so, abandoned his wife and their children, going to other states, where he remained until December, 1916, when he returned to Bowie county. He took with him, the jury had a right to find from testimony before them, all the money (about $2,500) he and his wife owned, two of the mules, and a wagon they owned as stated above, and left his wife in possession of the other personal property mentioned and of said 400 acres of land. After his abandonment of her as stated appellee's wife paid the balance of about $350, referred to above as remaining unpaid of the purchase money of the land. At the time of the abandonment appellee owed one Moore a store account of about $400. In 1902 Moore sued appellee on this account and recovered judgment against him in the sum of $456.81. By virtue of that judgment the 300 acres (about) of land in controversy here was sold in said year 1902. At the sale Mrs. Hardin was the purchaser of about 135 acres thereof for a consideration, according to a recitation in the sheriff's deed to her, of $200, and Moore was the purchaser of about 160 acres thereof for a consideration, as appears from a recital in the deed to him, of $294. By a deed dated December 16, 1904, Moore, for a recited consideration of $25 in cash and two notes for $165 each, payable January 1, 1906, and January 1, 1907, respectively, conveyed the 160 acres to Mrs. Hardin. It seems that Mrs. Hardin had possession of all the land in controversy during all the time intervening between the date appellee abandoned her and the date of her death, to wit, March 20, 1916. During all that time appellee contributed nothing whatever to the support of either his wife or his children. This suit was by appellee against his children. By it he sought to have a specified part of the 300 acres of land in controversy set apart to him

as a homestead, and to have the remainder thereof partitioned between him and his said children. The trial court was of the opinion, it seems, that it appeared from the testimony as a matter of law that the land belonged to the community estate between appellee and his wife, and he therefore instructed the jury to return a verdict in appellee's favor for an undivided one-half interest in the land. The jury having returned such a verdict, the court rendered judgment determining that appellee owned an undivided half of the land and that his children owned the other undivided half thereof, and directing a partition accordingly.

Johnson & Tidwell, of New Boston, for appellants.

Mahaffey, Keeney & Dalby, of Texarkana, for appellee.

WILLSON, C. J. (after stating the case as above). [1] The trial court erred when he charged the jury as he did, if there was testimony which would have warranted a finding that a partition of the community estate between appellee and his wife was effected, by which she became the owner in her own separate right of the land in controversy, or a finding that she acquired title to the land in her own separate right by force of the statute of limitations, or findings that appellee released to her the interest he otherwise would have had in her earnings while they continued to be husband and wife, and that she purchased and paid for the land with such earnings.

Appellants insist that a partition of the community estate between appellee and his wife was effected when he abandoned her, and cite, as supporting their contention Sears v. Sears, 45 Tex. 557; Duke v. Reed, 64 Tex. 705; Newland v. Holland, 45 Tex. 588; Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324; Corrigan v. Goss, 160 S. W. 652; and Mother Mary Angela v. Battle, 198 S. W. 1030. The point decided in the two cases first mentioned was that a wife who without cause permanently abandons her husband cannot at his death claim homestead rights in his lands. The same point was decided in Newland v. Holland, 45 Tex. 588, where it was further held that, while the wife by such abandonment might lose the interest she otherwise would have in future community gains, she did not forfeit her interest in property at the time belonging to the community estate between her and her husband. In Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324, and Corrigan v. Goss, 160 S. W. 652, it was held that the husband and wife, having permanently separated, or being about to do so, could agree upon and make a valid partition of the community estate between them. It is obvious that the three cases first mentioned are so unlike this one as to be of no value in determining the contention in question; and it will appear that the two last mentioned are also unlike it when it is stated that in this one there was no testimony showing that appellee and his wife at the time he abandoned her, or at any time, agreed on a partition of the community property between them. The facts of the other case (Mother Mary Angela v. Battle) are not given in the report thereof. It seems that the appellant in that case claimed as the devisee of the appellee's deceased husband. In her petition the appellee alleged that the land was acquired by her and her husband during their marriage and while they lived together as husband and wife; that her husband abandoned her after they acquired it; that at or about the time he abandoned her he sold property belonging to the community estate between them and appropriated the proceeds of such sale, to wit, $935,

"to his own use and benefit as his share of the community estate, and delivered to plaintiff the property in controversy (worth $600) as her part and share of said community estate."

If the allegations should be construed as charging that the appellee acquiesced in the retention by her husband of the $935, and accepted the land in controversy as her part of the community estate between them, the case was not unlike Rains v. Wheeler and Corrigan v. Goss, cited above. We have no doubt the court so construed the allegations when they said, in affirming a judgment in favor of Mrs. Battle:

"If the allegations noted were sustained by proof, and we must presume they were (in the absence of a statement of facts), plaintiff owned an equitable title to the property in controversy to the exclusion of any interest therein by her husband, and therefore, even if he made such a will as was pleaded by the defendant, it could not operate to effect plaintiff's said title."

[2-4] Nor do we think appellants' contention that Mrs. Hardin acquired the title to the land in her own separate right by force of the statute of limitations should be sustained. That a wife cannot acquire title as against her husband under said statute was expressly decided in Cervantes v. Cervantes, 76 S. W. 790. And see Routh v. Routh, 57 Tex. 589; Merrell v. Moore, 47 Tex. Civ. App. 200, 104 S. W. 514; and Hurley v. Lockett, 72 Tex. 262, 12 S. W. 212, where it is held that title to land acquired by the wife by force of the statute of limitations belongs to the community estate between her and her husband.

It appears, therefore, that if the trial court erred when he instructed the jury as he did, it must have been because there was testimony which would have authorized findings that appellee gave his wife the interest he was entitled to claim in her earnings while they remained husband and wife, and that she purchased and paid for the land with such earnings. There was no direct evidence

of such a gift by appellee to his wife. So the question is, Would a finding that there was such a gift have been warranted by the circumstances of the case made by the testimony? It apeared that when appellee abandoned his wife and their minor children he left them unprovided for, otherwise than as is shown in the statement above; that he remained away until after the death of his wife about 15 years later; and that he never, after he abandoned them, contributed anything toward the support of either his wife or their children, nor claimed an interest in their earnings. We think the circumstances stated showed the case to be within the principle recognized in Wright v. Hays, 10 Tex. 130, 60 Am. Dec. 200, and numerous cases following it, and would have authorized a finding that appellee's wife had power to control and dispose of the property belonging to the estate between them in her possession when he abandoned her, or which she afterwards acquired possession of. But we do not think same authorized a finding that appellee had released to his wife, and thereby made same a part of her separate estate, property held by her at the time of her death, and which, if not so released to her, would have been community. There are expressions in Queen Ins. Co. v. May, 35 S. W. 829, which indicate that the Court of Civil Appeals for the First district thought that such conduct on the part of a husband toward his wife "amounted to a relinquishment of his marital right to one-half of the earnings" of the wife after he abandoned her, "and made her the sole owner of the property." But we think such a view of the matter cannot be reconciled with the statute in force at the time of the transactions in question. That statute was as follows:

"All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, shall be deemed the common property of the husband and wife, and during the coverture may be disposed of by the husband only." Article 4622, R. S. 1911.

We think there is no error in the judgment of which appellants can complain, and therefore will affirm it.