## SELBY et al. v. SELBY.
## No. 5269.

Court of Civil Appeals of Texas. Amarillo.
March 3, 1941.

R. T. Correll, of Perryton, and Works & Bassett, of Amarillo, for appellants.

Oscar C. Flowers, of Perryton, for appellee Emma Selby.

FOLLEY, Justice.

■ This is an appeal from a judgment in favor of the appellee Mrs. Emma Selby for a life estate in one-third of the east one-half of Section 45, Block 10, and the north one-half of Section 1009, Block 43, in Ochiltree County, Texas, and, subject to said life estate, decreeing the fee-simple title in such land to be in the appellants, Dennis Selby, Charles Selby and Ray Selby, who are the three sons of the appellee

and her deceased husband, H. C. Selby, who died intestate. Recovery was also allowed the appellants for an interest in certain other real property in the town of Perryton, Texas, but from that portion of the judgment there is no appeal or cross-assignments of error. Hence, this recovery in favor of the appellants is not before us and of it we have no jurisdiction. Milliken v. Coker et al., 132 Tex. 23, 115 S.W.2d 620.

There is presented only one question in this appeal and that is whether or not under this record the appellee was entitled to a life estate in one-third of the above-named tracts of land.

The cause was tried upon an agreed statement of facts. It appears that H. C. Selby and Emma Selby were husband and wife and the parents of the appellants. In 1925 they permanently separated and, though not divorced, continued to live apart until the death of H. C. Selby on November 21, 1936. During the marriage relation they accumulated as community property several tracts of land in Ochiltree County. On or about March 8, 1929, while they were living apart and with no intention of ever living together again as husband and wife, they made and entered into a property settlement as to the real property of the community estate. There was no formal written contract stipulating the terms of such agreement but the same is established by a series of general warranty deeds executed on March 8, 1929. On such date H. C. Selby executed and delivered two deeds to his wife, Emma Selby, conveying to her as her separate property the south one-half of Section 44, Block 10, containing 320 acres of land, and the northwest one-fourth of Section 1008, Block 43, containing 160 acres of land, all situated in Ochiltree County. In each of such deeds was the following provision: "The intention of this deed being the separation and division of property. The property herein conveyed to be and remain the separate property of said Emma Selby, without any community interest of the said H. C. Selby whatever, from and after this date". On the same date H. C. Selby and wife, Emma Selby, executed two deeds to R. L. Thom conveying to him the above-mentioned east one-half of Section 45, Block 10, containing 320 acres of land, and the north one-half of Section 1009, Block 43, containing 320 acres of land. Simultaneously, R. L. Thom executed and delivered to H. C. Selby two deeds reconveying the same two half sections of land to H. C. Selby which had been conveyed to him by Selby and wife. In each of the deeds from Thom to Selby was the following stipulation: "The intention of this deed being the separation and division of property. The property herein conveyed to be and remain the separate property of the said H. C. Selby, without any community interest of the said Emma Selby whatever, from and after this date." The consideration expressed in each of the above deeds was $10, and, in addition thereto, the husband assumed certain indebtedness against one of the tracts conveyed to him and the wife assumed certain indebtedness against one of the tracts deeded to her.

In the stipulation of facts it was further agreed that the property settlement entered into and consummated by the exchange of the deeds relating to the real estate of H. C. and Emma Selby was a fair, equitable and just division of such property; that the marital relations existing between them were never dissolved by divorce; that after the parties had consummated the division of the real estate as represented in such deeds each took possession of the realty conveyed to him or her; that each retained the possession and absolute control thereof from that date until the death of H. C. Selby, neither of them during such time claiming or making any demands upon the other for any change in said division but both abiding thereby.

The appellants contend that under the above facts they were entitled to a recovery of the entire fee-simple title to the two half sections of land held by their father at the time of his death free of any life estate or other claims upon the part of the appellee. The appellee claims that since such property under the separation agreement became the separate property of H. C. Selby, who died intestate, she, as his lawful wife at the time of his death, is entitled to a life estate in one-third of such land by reason of the law of descent and distribution. Article 2571, Vernon's Annotated Civil Statutes.

Under the authority of Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324, and Corrigan v. Goss et al., Tex.Civ.App., 160 S.W. 652, 654, writ refused, the contention of the appellants must be upheld.

In the Rains v. Wheeler case it was held that where a "husband and wife have already separated, or have determined upon a separation and are in the act of executing it, a deed of separation, including partition of community property, will be upheld, provided that they have been entered into without coercion or other undue influence, and the provisions are just and equitable". Quotation from Corrigan v. Goss et al., supra.

The case of Corrigan v. Goss et al. is almost squarely in point with the instant case. Corrigan was possessed of considerable property when he married his second wife, the appellant therein, and during their coverture he accumulated considerable more property. Domestic infelicity arose and they agreed to separate permanently and divide the property. A fair and equitable division of the property was made and the wife took the part assigned to her and kept the same thereafter. After the separation and partition Corrigan purchased two pieces of real estate in Houston Heights which were involved in controversy in the suit. This property was paid for in part with the money which had been allotted to him in the partition. After the death of her husband Mrs. Corrigan sued the executor and others alleging certain property described in her petition to be community property of herself and her deceased husband, seeking one-half thereof, and also seeking to have set aside to her as her homestead certain property alleged to have been inherited by her husband from his former wife. She was denied any recovery. In disposing of the appeal from such judgment, the El Paso Court of Civil Appeals said:

"It is clear that this agreement and partition deed were not intended to convey property by one spouse to another, but an equitable division in view of final separation; that is, in view of no longer acting together in the acquisition of property, which the law fixes as community, or separate, according to its manner of acquisition, but each to take in the future such property as he may acquire as his own, unincumbered by the marital relation.

"Hence it follows that property acquired by either spouse after separation, brought about by such an agreement, becomes the separate property of the one who acquired it, free from the claims of the other, because they are no longer, in law, acting together in their legal capacity of husband and wife. And this partition deed being valid and binding, it settled all property rights between the parties, including the homestead rights of appellant."

It is true the chief controversy in the Corrigan case was over property acquired by the husband after the separation and with funds received in part by him from the partition. However, such fact does not, we think, distinguish it from the instant case. If the acquisition of separate property by the husband after the partition was "unincumbered by the marital relation", certainly, with as much or more logic and good reason, the property actually divided and set apart to the respective spouses would be "free from the claims of the other, because they are no longer, in law, acting together in their legal capacity of husband and wife", and such partition being valid and binding, "it settled all property rights between the parties", including the life estate claims of the widow.

 The judgment of the trial court is therefore reformed so as to allow the appellants a recovery of the entire fee-simple title to the land involved, share and share alike, free of the life estate or other claims of the appellee, and as so reformed the judgment is affirmed.

Reformed and affirmed.