**CORGEY et al. v. McCONNELL et al.**

No. 4921.

Court of Civil Appeals of Texas.
El Paso.

April 29, 1953.

Rehearing Denied June 3, 1953.

Gibson Gayle, Jr., Clawson, Allbritton & Clawson, Fulbright, Crooker, Freeman & Bates, all of Houston, for appellants.

Max E. Ramsey, Andrews, and Tom N. Cope, Atlanta, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the district court of Andrews County. The judgment was entered in the appeal from the County Court of Andrews County, Texas, against the appellant, Lucille McConnell Corgey, denying her application for partition and distribution of the estate of Luther Lee McConnell, deceased, and that she take nothing by reason of her application, the holding being in substance that she had no interest in or to any of the property of the estate.

The facts in this case are simple and undisputed. Luther Lee McConnell and Lucille McConnell married on December 22, 1948, and continued to live together as husband and wife until January 10, 1950. No

children were born of this marriage. Luther Lee McConnell died intestate on July 8, 1950. He left no children surviving him and no child or children predeceased him. He was survived by the following, who are appellees herein:

J. P. McConnell, his father

T. H. McConnell, a brother

Lula Mae Stewart, a sister

Mattie McConnell, a sister

Willie Hileman, a sister

Elsie Pruitt, a sister,

and also by Lucille McConnell, wife.

On January 10, 1950, Luther Lee McConnell and Lucille McConnell, appellant, separated and never thereafter lived together as husband and wife, and on said date entered into the following agreement:

"Property Settlement Agreement.

The State of Texas }
County of Andrews }

Whereas, L. L. McConnell and wife, Lucille McConnell, were married on December 22, 1948, and lived together as husband and wife until the date of this instrument when it was agreed by and between them that they would terminate their marital relationship and that L. L. McConnell would obtain a divorce in the District Court of Andrews County, Texas; and

Whereas, no children were born of said marriage or adopted by the parties, and the only community property acquired by the parties during their marital relationship are the proceeds derived from the sale of farm products raised on farms and other real estate belonging to L. L. McConnell as his separate property.

Now Therefore, The parties hereto mutually agree as to the partition of their community property and as to the separate property of each as follows:

I.

Lucille McConnell shall have and hold and receive as her share of all community property owned or acquired by the parties during their married life, the sum of $2,000.00 in cash, which sum has been this day paid to her, and receipt of which is hereby acknowledged, and a 1947 Tudor Plymouth Sedan, for which a certificate of title has been executed in her behalf.

II.

L. L. McConnell shall have and hold as his share of the community property and as his separate property, all other personalty and all realty owned of record by him, including without limitation the furnishings and furniture in the homestead occupied by the parties and all other personal property of any nature wheresoever situated, and all real estate owned by L. L. McConnell in the County of Andrews, Texas, or elsewhere, it being agreed by Lucille McConnell that all real estate vested in L. L. McConnell was owned and acquired by him prior to his marriage to her and is his separate property and that she has and claims no interest therein by reason of payment of any indebtedness thereon or otherwise.

III.

This agreement may be filed as a property settlement agreement with the papers in the divorce suit to be instituted in the District Court of Andrews County, Texas, and the sole and only consideration for the execution hereof are the mutual covenants and agreements contained herein, which shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, successors, legal representatives and assigns.

Witness our hands this January 10, 1950.

L. L. McConnell
L. L. McConnell
Lucille McConnell
Lucille McConnell."

This agreement seems to have been jointly acknowledged by the said L. L. McConnell, deceased, and by Lucille McConnell, the appellant. Lucille McConnell received as her share of the community property under this agreement the sum of $2,000 in cash and an automobile. The property owned by Luther Lee McConnell, as shown in the inventory as separate property, consists of real estate and personal property, and all of the real property was acquired by Luther Lee McConnell prior to his mar-

riage with Lucille McConnell. Lucille McConnell, after the death of her husband, intermarried with B. G. Corgey. It was under and by virtue of the above copied postnuptial agreement that the trial court found as a matter of law that the widow had no right to take any interest of the separate property of the said McConnell acquired before his marriage with appellant, and of which he died seized. Subd. 2 of Art. 2571, Vernon's Ann.Civ.St., provides:

"If the deceased have no child or children, or their descendants, then the surviving husband or wife shall be entitled to all the personal estate, and to one-half of the lands of the intestate, without remainder to any person, and the other half shall pass and be inherited according to the rules of descent and distribution * * *."

There is no dispute that this contract was entered into contemporaneously with the separation of the parties, and it was never intended they should thereafter live together as husband and wife; further there is no contention that, unless it was upon illegal consideration, the contract effected a partition of the community property and dissolved the community quasi partnership. In the case of Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324, 326, Judge Gaines in substance laid down this proposition:

"But we think that, in a jurisdiction where the spouses hold each an equal interest in the property acquired during marriage, the same principle should apply to deeds of separation which make a partition of the common property. Unless against the policy of the law, and on that account void, there is no difficulty in giving effect to the conveyances in the present case. The power of the husband in this state to convey direct to the wife is well established by our decisions; and at common law the wife may convey to the husband through the intervention of a trustee, as was done in this case."

In the above case a partition of community real estate was involved. There is a long line of Texas cases following Rains v. Wheeler, all holding in substance that where a husband and wife agree to live separately and apart permanently and do so separate, they may by exchange of deeds make a fair and equitable division of community property. When this is done the property which was theretofore community property becomes the separate property of the respective spouses. The cases of Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324; Corrigan v. Goss, Tex.Civ.App., 160 S.W. 652 (wr. den.); Selby v. Selby, Tex.Civ.App., 148 S.W.2d 854 (no writ history); George v. Reynolds, Tex.Civ.App., 53 S.W.2d 490 (wr. dis.), are relied upon to sustain the disposition made of this case. In this case it was held that a married woman might by a post-nuptial contract deprive herself of the right given her to take on the death of her husband intestate, an interest in and to the separate land owned by the husband before his marriage, the ownership continuing to his death. In the case of Rains v. Wheeler, supra, there was a separation agreement between husband and wife where there had been a deed by the husband and wife to a trustee of the community property, and a deed by the trustee to the respective parties, that property became respectively the separate property of the wife and the husband. No question of the relinquishment of the wife of an interest in the husband's separate property was involved, and no waiver of a right to inherit a husband's property was involved. In the case of Corrigan v. Goss, supra, community property was involved. A valid agreement for partition of community property had been made. In Selby v. Selby, supra, likewise community property was involved. The husband by warranty deed in pursuance of a contract of partition deeded to his wife community real estate. The husband and wife joined in deeding community property to a trustee, and such trustee then deeded to the wife the community property. It was held that the deeds were valid and vested in the husband and wife respectively the property purported to be conveyed as their separate property. The husband died intestate. The sole question involved was

whether the surviving widow, who had deeded by a trustee the property involved to the deceased, was entitled to a life estate in one-third of the above mentioned tracts of land. Now unquestionably the land involved was the separate property of the husband. Judge Folley cites in support of the disposition the cases of Rains v. Wheeler, supra, and Corrigan v. Goss, supra, holding she was not entitled to inherit. It is the thought of the writer that the denial of the inheritance may have been on the ground that she was estopped by her deed. We cannot see where George v. Reynolds, supra, has any particular bearing here. It seems to hold that even though there be a contract made for the division of community property, that the property thereafter acquired by onerous title, the marriage not being dissolved, does not become separate property, but is community property. In the case of Groesbeck v. Groesbeck, 78 Tex. 664, 14 S.W. 792, 793, the Supreme Court had before it a contract between husband and wife which provided in substance that in case the husband died without issue of his marriage his property was to descend to and be distributed among his heirs as if no marriage had ever taken place between him and his wife, so depriving her of his personal property and one-half of the real estate to which she would be entitled under the laws of this state, also revoking the antenuptial agreement. In the course of the opinion it was said:

"Husband and wife cannot alter the legal order of descent, in respect to themselves or their children, by contract made in contemplation of marriage, and, by a much stronger reason, they cannot do so by contract during marriage."

The opinion cites Art. 2847, Rev.St.1879, Vernon's Ann.Civ.St. art. 4610; Cox v. Miller, 54 Texas 16, 24.

There are numerous supreme court cases supporting the proposition laid down in the above case. The following cases are deemed to support the proposition laid down in Groesbeck v. Groesbeck, supra: Gorman v. Gause, Tex.Com.App., 56 S.W.2d 855, at 858, and authorities cited; Johnson v. Durst, Tex.Civ.App., 115 S.W.2d 1000.

A careful perusal of the quoted contract between appellant and her then husband shows that it is not contemplated that thereby any title should be conferred on him as to the separate real estate he owned at the time of their marriage. It could not be the localization of a title because she neither held nor claimed any title therein. This is the real estate here involved. We hold that a married woman by post-nuptial contract cannot debar herself from taking in case her husband dies intestate, the interest in his separate estate owned at the time of his marriage as provided in Art. 2571. Mrs. Corgey therefore inherits under Art. 2571 the separate real property of the deceased McConnell that he owned on the date of his marriage and on the date of his death, that is, the interest therein provided under Art. 2571. We are mindful of the fact that the contract in question does not specifically provide that the wife be debarred from inheriting the separate estate. The contract is not a conveyance. The only way it could operate to bar her from inheriting the separate property in question would be as a contract.

Appellant's second point of error is as follows:

"The error of the court in holding that a contract which is promotive of divorce may impliedly deprive one party of the property rights not expressly covered by the terms of the contract."

If the contract we have quoted was promotive of divorce it is void. The contract we have quoted does provide that he would obtain a divorce in the District Court of Andrews County, Texas; it further provides that the parties as of that date would terminate their marital relationship. We think a fair construction by terminating their marital relationship is they would not live together further as husband and wife. That the husband would obtain a divorce presents a matter which is more serious. We are inclined to believe that the entire contract is void as tending to promote divorce. Williston on Contracts, Vol. 3, p.

3044, § 1743. Now if the contract were held void for this reason, beyond any question it would not be effective for any purpose. The property acquired after its date by onerous title would be community property. The rents and revenues from the separate property owned by the husband on the date of the marriage would be community property. However, appellant has not claimed any interest in any other property than in the separate land of deceased, which was such at the time of her marriage. This point of error is not authoritatively passed upon.

It is ordered that the judgment of the trial court be reversed and the cause remanded with directions to the trial court to enter judgment in accordance with the foregoing directions, as to the real estate owned by deceased at the time of his marriage and at the time of his death as provided in Article 2571.

McGILL, J., does not concur herein.