J. P. McConnell, Administrator of the Estate
of Luther Lee McConnell, Deceased, et al
v. Lucille McConnell Corgey, et vir

No. A-4300. Decided December 16, 1953.
Rehearing overruled January 13, 1954.
(262 S.W. 2d Series 944)

*Tom N. Cope,* of Atlanta, and *Max E. Ramsey,* of Andrews, for petitioners.

The Court of Civil Appeals erred in holding that the property settlement agreement executed by the parties did not effectually terminate the property rights of the parties including the separate property of the deceased, owned by him at the time of his marriage; that a married woman, by post nuptial contract cannot debar herself from taking, in case her husband dies intestate, the interest in his separate estate owned at the time of his marriage as provided in Article 2571 R.S.; that Article 2571, R.S., controlled the disposition of deceased separate property acquired by him prior to his marriage, notwithstanding the property settlement executed by the parties and their intentions therein expressed and evidenced by the parties. Rains v. Wheeler, 76 Texas 390, 13 S.W. 324; Corrigan v. Goss, 160 S.W. 625; Speckels v. Kneip, 170 S.W. 2d 255.

*Clawson, Allbritton & Clawson, Fulbright, Crooker, Freeman & Bates* and *Gibson Gayle,* all of Houston, for respondents.

A surviving widow's rights which have been held by the courts to be valuable should not be taken away from her, even by implication, by reading into an agreement, language which was not placed in the agreement itself. Hale v. Hollon, 90 Texas 427, 39 S.W. 287; 36 L.R.A. 75, 59 Am. St. Rep. 819; Barre v. Daggett, 105 Texas 572, 153 S.W. 120; Young v. Hollinsworth, 16 S.W. 2d 844.

MR. JUSTICE SMITH delivered the opinion of the Court.

On July 24, 1952, a judgment was entered in the District Court of Andrews County, Texas, denying the application of respondent for a partition and distribution of certain real property belonging to the estate of Luther Lee McConnell, deceased.

Mr. McConnell died intestate on July 8, 1950. He left no children surviving him and no child or children predeceased him. The trial court, upon request of Mrs. Lucille McConnell, filed its findings of fact which included findings that the deceased was

survived by Lucille McConnell, who married Luther Lee McConnell on December 22, 1948; that they continued to live together as husband and wife until January 10, 1950; that on that date they separated and voluntarily entered into a property settlement agreement, and that the division of the property as reflected by the contract was fair and equitable as between the parties; that Luther Lee McConnell filed a suit for divorce in the District Court of Andrews County, Texas. The cause was never tried and was dismissed after his death upon motion presented by the attorneys who had filed the suit in his behalf.

The conclusions of law filed by the trial court reflect that the court was of the opinion that since the property settlement agreement was executed by the parties "without coercion or other undue influence," the settlement effectually divided the property and settled all property rights between the parties, and that "each would hold the respective share unincumbered by the marital relation since the parties are in law no longer acting as husband and wife," and that the entire residue of the estate, upon the death of Luther Lee McConnell, vested in petitioners. The take nothing judgment rendered by the trial court against respondent was in accordance with its conclusions of law, and the effect of the judgment was to hold that the property settlement agreement forever settled all property rights between the parties, including respondent's claim of her right of inheritance by virtue of the provisions of Article 2571, Revised Civil Statutes of Texas. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause to that Court with instructions "to enter judgment in accordance with the foregoing directions, as to the real estate owned by deceased at the time of his marriage and at the time of his death as provided in Article 2571." 260 S.W. 2d 99.

The property settlement agreement is set forth in full in the opinion of the Court of Civil Appeals. The petitioners and the respondent do not question the validity of the agreement. The petitioners contend here, as they did in the trial court and in the Court of Civil Appeals, that the agreement was fair and valid in its inception, and that it was the intention of the parties to the agreement to effect an equitable division of all property rights, and that the claimed right of inheritance did not exist after the execution of the agreement. Respondent contends that "inheritance rights" were not mentioned in the property settlement agreement, and, therefore, were not "the subject of an equitable division in view of separation." She further contends that "the record is silent as to the intent of the parties insofar as inheri-

tance rights are concerned, and the property settlement agreement itself must be the only basis of ascertaining the intent of the parties with respect thereto."

The property settlement agreement provides in part as follows:

"* * * it being agreed by Lucille McConnell that all real estate vested in L. L. McConnell was owned and acquired by him prior to his marriage to her and is his separate property and that she has and claims no interest therein by reason of payment of any indebtedness thereon or otherwise * * *," and further states, in part, that the agreement "* * * shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, successors, legal representatives and assigns." The petitioners rely principally on the above quoted provisions of the agreement to sustain their position that respondent is estopped to assert her right of inheritance.

The decisive question for us to determine is: Does the property settlement agreement embrace or include the property sought to be inherited by respondent? We must anwser this question by looking to the contents of the instrument alone. The petitioners do not contend that the agreement is ambiguous and they made no effort in the trial to prove the intention of the parties other than ascertaining the intent from the property settlement agreement itself.

In the case of United States Nat. Bank of La Grande v. Miller, et al, 122 Ore. 285, 258 P. 205, 58 A.L.R. 339, it was said: "* * * in order to estop a grantor from claiming an after-acquired title, the grant must contain references or representations which he is ccmpelled to repudiate in order to assert his after-acquired title. Defendant in the instant case is not disputing any recital or representations in his deed under which plaintiff claims. That deed conveyed all of the interest defendant had in the premises described therein at the time it was made. Defendant is not now claiming anything contradicting that deed."

Fourth Pomeroy's Equity Jurisprudence, (5th Ed.), Sec. 1290, reads in part: "* * * In order to create an equitable assignment, and thus let in the operation of the equitable doctrine, there must be on the *face of the instrument expressly,* or collected from its provisions by necessary implication, language of *present transfer* directly applying to the future as well as to the existing property, or else language importing a *present contract*

*or agreement* between the parties to sell or assign the future property * * *."

It is to be noted that the agreement provides that Lucille McConnell *has* and *claims* no interest in the separate property of L. L. McConnell. No reference is made to "inheritance rights." We find no language in the agreement which indicates that respondent intended, by executing the settlement agreement with reference to the community property, to surrender her rights of inheritance, as provided in Article 2571, supra. The effect of the agreement was to partition the community property owned by the parties at the time of its execution and to agree that Mrs. McConnell had no present interest in his separate property. Respondent has not attempted to repudiate this agreement.

The case of Rains v. Wheeler, 76 Texas 390, 13 S.W. 324, relied on by petitioners announces the rule that deeds of separation, made after the separation or when in the act of separating, are valid, so far as they settle the rights of property between the husband and wife. We hold in the present case that the property claimed to have been inherited by respondent was not in the contemplation of the parties at the time of the execution of the agreement. The property right, as provided in Article 2571, was at the time only an expectancy, and in order to deprive respondent of her rights under the statute, a provision to that effect should have been included in the agreement.

Petitioners cite the case of Selby, et al v. Selby, Texas Civ. App., 148 S.W. 2d 854, as authority to sustain their contention.

An examination of the facts reveals that the property involved in that case was the subject of an equitable division, therefore, the court correctly held that the claimant of a life estate in the property which had been divided was not entitled to accept the benefits derived and at the same time acquire further rights in the property that was the subject of division.

The principles announced in the case of Clark, et al v. Gauntt, 138 Texas 558, 161 S.W. 2d 270, are applicable in the present case. In that case the property covered by the deed of trust was described as "all my right, title and interest" in two tracts of land. The party who executed the deed of trust owned an undivided one-half interest in the land at the time the instrument was executed. Later, her father died and she inherited the other one-half interest in the property. It was asserted in that case that the half interest inherited from the father should be covered by

the deed of trust. The doctrine of after-acquired title was the basis for the claim. The court refused to sustain this contention, holding that the maker of the instrument had no interest in the property since the father was still alive at the time the deed of trust was executed, and, therefore, "she had only an expectancy of inheritance."

The court recognized the rule that "contracts in the form of deeds or assignments, or in other forms, for the sale or transfer of the expectancy * * *, while not recognized and not enforceable at common law, are enforced in equity after the death of the ancestor, provided they are free from fraud." The court further said: "Such contracts, however, are not favored, and an instrument is not given effect as an assignment of an expectancy or future interest unless it clearly manifests the intention of the prospective heir to sell, assign, or convey his expectancy of future interest." See 6 C. J. S., *Assignments,* Sec. 14, p. 1059. Since the property sought to be inherited by respondent was not the subject of the property settlement agreement, we hold that the inheritance should be allowed, thereby giving effect to the laws of descent and distribution.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered December 16, 1953.

MR. JUSTICE GRIFFIN, joined by JUSTICE CALVERT, dissenting.

I cannot agree that respondent should inherit under Article 2571, Vernon's Annotated Civil Statutes, upon the death of L. L. McConnell. There can be no question but that the separation agreement is valid and binding on all parties, and its validity is so recognized without any question. The majority opinion says the rights of inheritance of Lucille McConnell were not disposed of by virtue of the separation agreement. I think this separation agreement definitely disposed of the property rights which each party had as a result of the marriage. The agreement recites: "NOW THEREFORE, The parties hereto mutually agree as to the partition of their community property *and as to the separate property of each as follows*: * * *." This clearly places the separate property of each under the separation agreement. With regard to L. L. McConnell's separate property, Lucille agrees "that all real estate vested in L. L. McConnell was owned and acquired by him prior to his marriage to her and is his separate property and that *she has and claims no interest* therein by reason of payment of any indebtedness thereon *or otherwise*." (Emphasis

ours.) The use of these words shows that the parties recognized she had an interest in the separate property which (as they stated it) was: first, the right to be reimbursed for any community funds used to pay debts against the separate property, and, second, "or otherwise." These last two words were inserted in the agreement for some purpose, and to cover all interests which Lucille had in the separate property as distinguished from the right of reimbursement. This language could only mean that Lucille consciously and specifically relinquished any, all, and every right, interest or claim of every kind and character, (including the right to inherit) in all property, both community and separate, for and in consideration of the recitals set forth in paragrah I of the contract.

I would reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

Opinion delivered December 16, 1953.

Rehearing overruled January 13, 1954.