**Paul LOSTON, Appellant,**

**v.**

**Odessa LOSTON, Appellee.**

**No. 58.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 24, 1968.

Rehearing Denied Feb. 14, 1968.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellant.

Fred Parks and Ruby Sondock, Houston, for appellee.

SAM D. JOHNSON, Justice.

Odessa Loston, the appellee, brought suit against her former husband, Paul Loston, the appellant, for specific performance of a parol property settlement agreement which, she alleges, they made during the pendency of their divorce. The alleged oral agree-

ment provided for a property division settlement under the terms of which appellant promised to pay to appellee one-half of the appraised value of the homestead of the parties.

In response to a single special issue, the jury found that the appellant, Paul Loston, agreed to pay the appellee, Odessa Loston, a sum of money equal to one-half of the appraised value of the homestead. A money judgment for the appellee was entered on the jury verdict in the sum of $4,375.00, which was one-half of the total value of the property, $8,750.00, established by the testimony of the appraisal which was not contradicted by the appellant.

Appellant presents some fourteen points of error, the primary emphasis of which is that this was an action within the purview of the Statute of Frauds, Article 3995, of the Vernon's Ann.Revised Civil Statutes of Texas, because the transaction involved a contract for the purchase of real estate and was not supported by an instrument in writing. Appellee contends that the Statute of Frauds does not apply to the fact situation here presented.

Appellant and appellee were married in 1940 and lived together as husband and wife until 1960, when they separated. At the time of this separation, the appellee moved from the homestead, where the appellant continued to live. In March, 1964, they were divorced. Appellee testified that during the period of separation there were numerous discussions concerning settlement of their respective property interests. Appellee testified, and the jury found, that during the pendency of their divorce, appellant agreed to pay her one-half of the appraised value of their homestead in settlement of her property rights.

The lot on which the homestead was later erected, was purchased or contracted to be purchased, by the appellant immediately prior to marriage. There is a conflict in the evidence as to whether or not community funds were used to pay for the balance owing on the lot, but in any event, community funds were used to build the house and it was constructed and paid for after the marriage. The house, rather than the lot, accounted for the primary part of its value. The nature and extent of the community interest in the improvements is not deemed to be material here, however. The inception of title rule is not determinative of the issue here involved.

The agreement of the appellant that was relied upon, and that was found by the jury, was that the appellant agreed to pay the appellee a sum of money equal to one-half of the appraised value of the homestead. It is appellee's position that this was a voluntary agreement to settle property differences between parties by the payment of money, based on the appraised jointly owned and specifically identified property.

■ It is well established that spouses, incidental to a separation, may contract between themselves looking to a division of their property, including their homestead. Riley v. Wilson, 86 Tex. 240, 24 S.W. 394; Edmonson v. Blessing, 42 Tex. 596; Selby v. Selby (Civ.App.) 148 S.W.2d 854, no writ history; Corrigan v. Goss (Civ.App.) 160 S.W. 652, err. ref.; Speers, Marital Rights in Texas, Vol. 1, p. 276.

Such a property settlement agreement between husband and wife pending a divorce suit is a division or partition by the parties of their respective interests in property in which they both owned an interest. This action is predicated on a voluntary agreement between two parties to settle property differences based on the appraised value of one piece of real estate. "* * * (I)f the parties have actually separated with the intention of remaining permanently apart, or if they have determined on such a separation and are in the process of carrying it into effect, they may validly make an agreement for the division of their community property. * * *" 30 Tex.Jur.2d 152, Husband and Wife, Sec. 85. McConnell v. Corgey, 153 Tex. 49, 262 S.W.2d 944; Bruce v. Permian Royalty Co. No. 2, Tex.

**318**

Civ.App., 186 S.W.2d 686, ref., w. m.; Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324.

■ " 'The parties to a marriage, contemplating a permanent separation or a divorce, may, verbally, settle all their community interests, by effecting a partition of these interests; thereafter, they are no longer common owners in the sense of community property owners, but as cotenants' * * *. (T)he joint owners of such property are entitled to a partition thereof in the same manner as if they had never been married." Nelson v. Geib, Tex.Civ. App., 314 S.W.2d 124, 125, err. dism.

■ It has long been established law in Texas that a parol partition of land can be made by the joint owners thereof. This rule is not prohibited by the statute of frauds, and married women are not excepted from its application. "We think it is equally as well settled that a husband and wife, upon permanent separation, can, by parol, partition property between themselves, and that such a contract is a valid and enforceable one." Cantrell v. Woods, Tex.Civ.App., 150 S.W.2d 838, 840, no writ history.

■ The provision of the Statute of Frauds requiring an agreement for the conveyance of real estate to be in writing is not applicable to the case at bar. The money judgment for the appellee entered by the court was for $4,375.00, a sum equal to one-half of the appraised value of the homestead. Appellee made no pleading for a specific performance of a contract to sell or purchase real estate, and appellee did not proceed at trial upon such theory. There is no support for the contention of appellant that the present action is one involving a contract for the sale or purchase of real estate.

We have examined the remaining points of error presented by the appellant and they are overruled.

The judgment of the trial court is affirmed.