## W. H. SINCLAIR V. CHAS. DALIEN ET AL.

### No. 2539.

1. **Libel—Pleading.**—In a suit for libel the manner in which the publication of the alleged libelous matter was made should be averred. A failure to make such an averment would subject the petition to special but not to a general demurrer.

2. **Pleading.**—The sufficiency of an amended petition must be tested by its own allegations alone, without reference to anything contained in the original plea.

APPEAL from Galveston Tried below before Hon. W. H. Stewart. The opinion states the case.

*McLemore & Campbell* and *G. E. Mann,* for appellant. — 1. It is a sufficient allegation to say that the defamatory writing was published in writing, and if the manner in which the publication is made is privileged it is matter of defense. There is no inference from the allegations in original petition that there could not have been some other publication by exhibiting the petition before filing it, or in some other way; and the ruling of the court was purely arbitrary and plaintiff did not have to accede to it. Towns. on Slander and Libel, 3 ed., sec. 324, p. 569.

2. The court erred in ruling that if the publication was as alleged in the original petition it would not support a suit for damages, because said original petition alleges publication of false and defamatory matter under a combination to injure and harrass and knowing there was no real suit, but only using the guise of a suit to accomplish the wicked and malicious intent. White v. Nichols, 3 How., 287; Howard v. Thompson, 1 Am. Lead. Cases, 4 ed., pp. 166–173; Holt v. Parsons, 23 Texas, 18; Belo & Co. v. Wren, 63 Texas, 722, 723; White v. Carroll, 1 Am. Rep., 504 (42 N. Y., 161); Gilbert v. People, 43 Am. Dec., 647 (1 Denio, 41); 2 Greenl. on Ev., 13 ed., sec. 421 and notes.

3. The court erred in sustaining the exceptions to orignal petition on the ground that the libelous matter was part of a petition filed in court as the allegations of the petition for libel show; that the manner of pub-

lishing was a fraud on the privilege of a court paper; and the guise of a suit was but the attempt to evade the law and to publish defamatory and false charges without incurring danger of being mulcted in damages by using the court as a vehicle of malice. Howard v. Thompson, 1 Am. Lead. Cases, 4 ed. p. 166 *et seq.;* White v. Nichols, 3 How.; Towns. on Libel and Slander, sec. 221 and notes.

*Waul & Walker,* for appellees.—The amended petition did not cure any of the defects pointed out in the original petition, and should have been dismissed, not only for the reasons given by the court, viz., that comparison with the original petition showed that the alleged libelous matter was contained in a proper and regular legal proceeding filed in a court of competent jurisdiction, but also because the amendment set forth no manner of publication whatever. The manner of publication of a libel must be alleged, otherwise the petition is fatally defective. A general allegation that it was published is insufficient. Towns. on Slander and Libel, 3 ed., pp. 152, 158, and note p. 561 and authorities there cited; State v. Henderson, 1 Rich., 179; Folk. Starkie on Slander and Libel, 28.

The alleged libelous matter is shown by plaintiff to be contained in a petition filed in a regular suit in the District Court, the allegations of which show it to have been a bill for a receiver of the Island City Ice Company, which set forth the acts of mismanagement necessary for the stockholders complainants to have a receiver appointed. No action lies on a paper filed in a judicial proceeding in a court of competent jurisdiction, and no allegations of malice or conspiracy can give it vitality. Proceedings in the courts and all contents of papers germane to the subject matter of litigation are absolutely privileged, and no action for defamation can be maintained thereon. Johnson v. King & Davidson, 64 Texas, 232; Smith v. Adams, 27 Texas, 30; Haldeman v. Chambers, 19 Texas, 53; Shipley v. Todhunter, 7 C. & P., 680; Garr v. Selden, 4 N. Y., 91; Hartsock v. Reddick, 6 Blackf. (Ind.), 255; Forbes v. Johnson, 11 B. Monr. (Ky.), 48; Munster v. Lamb, 17 Cent. Law Jour., p. 419; Cook v. Hill, 3 Sandf., 341; Folk. Starkie on Slander and Libel, sec. 688, p. 524.

COLLARD, JUDGE.—The opinion rendered at the present term in the case of Julius Runge v. Joseph Franklin et al. holds that a bill in equity filed in a court of competent jurisdiction or other judicial proceeding in the civil courts is absolutely privileged from libel suit. But there is another question involved in this case. Here the original petition declared on defamatory allegations in a bill in chancery, and exceptions being sustained because the mode of publication was privileged, plaintiff amended, declaring upon the same written allegations set up in the original petition published the same day, the 2d day of February, 1886, but does not allege that the publication was by filing the bill. The allegation of pub-

lication is simply that defendants "did publish," without stating how the publication was made, to whom, or that it was made to any one. The lower court decided that under the circumstances, and looking to the mode of publication as set out in the original petition, it was necessary in the amendment to allege a publication other than by filing the bill in court. The question is, was the court's ruling correct? It has been said that it is sufficient merely to allege that the libel was published, without stating the manner of publication, though there is very little authority upon the subject, especially in America. Towns. on Slander and Libel, secs. 324, 93–5, 108; Burton v. Burton, 3 Greene (Iowa), 316; *contra,* Odgers on Slander and Libel, p. *472. It is usual to allege the manner of publication, and it seems to us it would be more consonant with our rules of pleading to allege it so as to conform to the statute requiring a full and clear statement of the cause of action, and to inform the opposing party of what was expected to be proved. There are so many methods of publication of a libel, by reading it to persons, by posting, by scattering it in public places, by letters, by newspapers and pamphlets, etc., that good pleading under our system would require the plaintiff to inform the defendant by averment what kind of publication would be relied upon. A special demurrer to the amendment on this ground would have reached the defect in the amended petition; a general demurrer would not.

The court had correctly ruled that allegations in a bill in equity were privileged, and after this plaintiff set up identically the same allegations, alleging their publication on the same day as the filing of the bill, but merely alleged that the libelous matter was published by defendants or that they did publish the same. The term "did publish" includes all kinds of publication, as well that which the court had previously adjudged protected as others, and for that reason the court decided that the amendment ought to allege a publication other than that which had been excluded by the order of the court on the ground of privilege.

The original petition was entirely out of the case. The amendment stood as an independent pleading, and its sufficiency must be tested by its own allegations without reference to the original petition, which had correctly passed out of the case. Rules for District Courts, 12, 13, 14.

There being no special exception to the amended petition on the ground that it failed to set up the mode of publication, it must be held to be good as against the general demurrer.

The cause ought to be reversed and remanded for trial.

*Reversed and remanded.*

Adopted February 19, 1889.