MIDLAND & N. W. RY. CO. v. MIDLAND MERCANTILE CO. (No. 1016.)

(Court of Civil Appeals of Texas. El Paso. Nov. 13, 1919. Rehearing Denied Dec. 11, 1919.)

1. PLEADING ☞193(5)—PETITION WHEN SUBJECT TO GENERAL DEMURRER.

Petition is subject to general demurrer, a fact necessary to be proved to sustain a recov-

ery, neither being alleged therein, nor fairly inferable from facts alleged.

2. RAILROADS ☞17—AUTHORITY OF BOARD OF DIRECTORS.

Under Rev. St. arts. 6445, 6446, all authority of a railroad corporation is vested in its board of directors, and the power of its officers depends on action of the board in conferring authority on them.

3. RAILROADS ☞179—PLEADING AND PROOF OF PRESIDENT'S AUTHORITY TO EXECUTE ACCEPTANCE.

To recover of a railroad company on an acceptance by its president, there must be proof of authority conferred on him by its board of directors to execute the acceptance or of estoppel or ratification; and therefore pleading of these things.

4. APPEAL AND ERROR ☞1170(3)—OVERRULING DEMURRER TO PETITION HARMLESS IN VIEW OF SUPPLEMENTAL PETITION.

Though supplemental petition is not to be considered in determining whether demurrer to petition should have been sustained, the error in overruling it, because petition did not allege authority conferred on defendant railroad company's president by its board of directors to execute the acceptance sued on, or estoppel or ratification, was harmless, within Court of Civil Appeals rule 62a (149 S. W. x) as to grounds for reversal; estoppel and ratification being properly set up in the supplemental petition in avoidance of the defensive matter, of want of authority, set up in the answer.

Appeal from District Court, Midland County; Chas. Gibbs, Judge.

Action by the Midland Mercantile Company against the Midland & Northwestern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Thomas, Milam & Touchstone, of Dallas, and J. M. Caldwell, of Midland, for appellant.

Garrard & Baker, of Midland for appellee.

Statement of Case.

HIGGINS, J. The Midland Mercantile Company, appellee, brought this suit against the appellant and recovered judgment as prayed for. The questions presented by the appeal arise upon the pleadings. For this reason the substance of the allegations will be stated. The allegations of plaintiff's original petition are as follows: That the defendant is a railway corporation, incorporated under the laws of Texas; that on June 17, 1918, defendant by and through its president, T. J. O'Donnell, executed and delivered to plaintiff its certain trade acceptance in writing due August 17, 1918, and reading as follows:

"Trade Acceptance.

"$1,126.82    Midland, Texas, June 17, 1918:

"On. Aug. 17, 1918, pay to the order of ourselves eleven hundred twenty-six & 82/100 dol-

lars. The obligation of the acceptor of this bill arises out of the purchase of goods from the drawer, as per statement rendered June 17, 1918.

"Midland Mercantile Co.,
"By W. A. Dawson, Secretary.
"To Midland & N. W. Ry. Co., Midland, Texas.
"Accepted June 17, 1918, payable at Midland Nat. Bank, at Midland, Texas.
"[Signed]
"Midland & Northwestern Ry. Co.
"By T. J. O'Donnell, President."

Formal averments were then made as to maturity, etc., and defendant's refusal to pay, concluding with prayer for recovery and general relief.

On February 4, 1919, the defendant answered by general and special exception, general denial and special plea under oath, setting up a want of authority on the part of its president, O'Donnell, to execute in its behalf the acceptance sued upon or to obligate it thereon. Other special defenses pleaded are not pertinent to the questions presented by the appeal, and need not be stated.

On February 6, 1919, the plaintiff in response to the defendant's answer filed its first supplemental petition, wherein it set up an estoppel against appellant and its board of directors to question the authority of its president to execute the acceptance, also ratification of his act in executing the same, and prayed for recovery as in its original petition. This plea is quite lengthy, and it is unnecessary to detail the facts pleaded as an estoppel and ratification. By supplemental answer the defendant denied generally the allegations of the supplemental petition.

On February 7, 1919, the cause came on for trial, and the defendant's demurrers were overruled, and upon trial without a jury judgment was rendered in appellee's favor.

The court filed findings of fact and conclusions of law. In the findings the court found facts as set up in appellee's supplemental petition, and upon the facts so found concluded that appellant was "estopped to deny the authority of the said T. J. O'Donnell to execute the trade acceptance in controversy." To these findings and conclusions no error is assigned.

The first three assignments of error complain of the court's action in overruling appellant's demurrers to the original petition. They all relate to the same question, namely, the failure to allege in such petition authority of the defendant's president from its board of directors to execute the acceptance.

Three propositions are submitted as follows:

First. "Since the management of a railroad corporation is vested by statute in its board of directors, and the powers of its officers are expressly limited by statute, an original petition is subject to general demurrer which does not allege authority of the agent or officers of the corporation to perform the act on which the cause of action is based."

Second. "There being no averment that T. J. O'Donnell, the president, had authority to bind the board of directors of the railway, it will not be inferred in the face of a special exception that the directors were bound."

Third. "Affirmative relief cannot be given upon issues pleaded solely in a supplemental petition."

## Opinion.

[1] If a fact necessary to be proved to sustain a recovery on the part of the plaintiff be neither alleged in the petition, nor fairly inferable from facts alleged, such petition is subject to a general demurrer. Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015.

[2] Under articles 6445, 6446, R. S., all authority of railroad corporations is vested in its board of directors, and the power of the officers of such corporations depends upon the action of the board in conferring authority upon them. Railway Co. v. City of Sweetwater, 104 Tex. 329, 137 S. W. 1117; Logue v. Railway Co., 106 Tex. 445, 167 S. W. 805.

[3, 4] In view of the rule announced in the two cases last cited, appellee, to recover upon the acceptance, must have proven authority conferred by defendant's board of directors upon its president, O'Donnell, to execute the same, or else proven an estoppel or ratification. No such facts are alleged in the original petition, nor can the same be inferred from any facts pleaded. Estoppel and ratification are pleaded in the supplemental petition, but it is not the function of a supplemental petition to supply necessary allegations omitted from the original. The rules in this respect are well stated in Towne's Texas Pleading (2d Ed.) 401, 447, and it is unnecessary to further discuss the same. We are therefore of the opinion that the court erred in overruling appellant's exceptions to the original petition, but the question arises as to the reversible nature of the error and in the condition of the record we are of the further opinion that it is not reversible. The general rule that error must be prejudicial in order to require a reversal applies with full force to rulings of the court with regard to the pleadings. At an early date this rule was recognized in this state. Hardy v. De Leon, 5 Tex. 211. And it has been repeatedly applied by our courts. In Day v. Stone, 59 Tex. 612, it was said:

"The rule is well stated in Johnson v. Blount, 48 Tex. 38, to the effect that an error, to be material, so as to require a reversal of the judgment, must be one that is prejudicial to the party complaining. Rulings of the court with respect to the pleadings, which did not affect the ultimate rights of the party, is not ground for the reversal of the judgment."

See, also, Railway Co. v. Tel. Co., 52 S. W. 108, and Dwyer v. Hosea, 1 Posey, Unrep. Cas. 600. Such holdings have usually been

made with respect to the action of the court upon special demurrers, but no good reason occurs to this court why the same rule should not apply to the erroneous overruling of a general demurrer to the original petition, when it clearly appears that the ruling was not prejudicial to the complaining party and his ultimate rights have not been affected, and the pleadings as a whole are sufficient to support the judgment.

In Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324, the suit was in trespass to try title by Wheeler, executor, against Rains. A general demurrer was interposed to the petition and overruled. This ruling was assigned as error. It was held that it was not necessary to determine whether the petition was bad on general demurrer, for, if it was, no prejudice accrued to the defendant from overruling it, and the case was affirmed. In passing upon the question Justice Gaines said:

"If it were necessary definitely to decide the question, we should hesitate before holding the petition bad on general demurrer.

"We do not think it necessary; for, if the general demurrer to the petition had been well taken, we are of opinion that no prejudice has accrued to the defendant from overruling it. In connection with her other pleadings, she filed a plea in reconvention, in which she claimed of the plaintiff an undivided one-half interest in the property described in the petition, as well as other property alleged to be in his possession as executor of the will of George C. Rains, deceased, and prayed that she have judgment for its recovery. In reply to this, plaintiff filed a supplemental petition, in which he fully and specially pleaded his testator's title. The plea in reconvention and the plaintiff's reply thereto were sufficient to present the issues, and, so far as mere pleadings are concerned, to warrant a judgment for either party. If the original petition had been stricken out, no reason is seen why the case should not have proceeded to trial and judgment upon the plea in reconvention and plaintiff's supplemental petition in reply thereto. The latter, as well as the original petition, contains a prayer for specific, and in the alternative, for general relief.

"What has already been said is a sufficient answer to appellant's second assignment of error. The allegations in the supplemental petition might properly, in part at least, have been pleaded as an amendment to the original petition, but they were also proper in reply to the cross-action of defendant."

Now in the case at bar the allegations of estoppel and ratification set up in the supplemental petition should properly have been contained in an amended original petition, in the absence of an allegation that defendant's president was authorized by its board of directors to execute the acceptance, but they were also properly set up in the supplemental petition in avoidance of the plea of want of such authority set up in the defendant's answer. It is in this respect different from a case where facts are alleged in a supplemental petition for the sole purpose of supplying necessary allegations omitted from the original petition. With estoppel and ratification properly set up in the supplemental petition in avoidance of defensive matter contained in the answer, we are of the opinion that the pleadings were sufficient to support the judgment rendered, and no reason is seen why the case could not proceed to trial and judgment upon the allegations contained in the original and supplemental petitions. Such in effect was the ruling in Rains v. Wheeler. The case did proceed to trial and judgment in favor of appellee, and the trial court's findings of fact and conclusions of law discloses that he held the defendant estopped to question the want of authority on the part of defendant's president to execute the acceptance. It is thus clearly apparent that no prejudicial error resulted to appellant from the overruling of the exceptions to the petition which attacked its sufficiency solely upon the ground that such authority was not alleged in the original petition.

Our holding that the error in this case is not reversible is further supported by Merchants & Bankers, etc., v. Williams, 181 S. W. 859, where a general demurrer had been improperly overruled and assigned as error. In passing upon the assignment the court said:

"Following the rule, it is believed the demurrer was improperly overruled. And it is not thought the supplemental petition could be considered in connection with the original petition in determining whether or not the deumrrer to the orginal petition should be sustained. The office of the supplemental petition is to make response to the pleading of the defendant. Rule 10, District Court (142 S. W. xviii). The question is sufficiently discussed in Towne's Texas Pleading (2d Ed.) pp. 401, 447. And in Insurance Co. v. Camp, 64 Tex. 521, the court says: 'Under the rules, the defects in the petition could only be cured by an amendment, whilst the supplement is confined to the avoidance of matters of defense set up in the answer.'

"And while we still think there was error in overruling the demurrer, we are now convinced that the error is not, in this record and in view of rule 62a (149 S. W. x), sufficient to cause reversal. The omission in the petition did not in any manner contribute to the judgment rendered. The undisputed facts show that the company did not pay the claim, but that it denied liability on account of the loss. The case of Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324, says: 'If the general demurrer to the petition had been well taken, we are of the opinion that no prejudice has accrued to (appellant) from overruling it.'

"And as the allegations in plaintiff's supplemental petition, tantamount to an allegation that payment had not been made, were properly pleaded to matters set up in defendant's original answer, such allegations form a proper basis for pleadings before the court, as said in the Wheeler Case, supra, for the rendition of judgment."

Upon the record here presented and in view of rule 62a and the cases above cited, we hold that the erroneous overruling of the exceptions to the petition presents no reversible error.

There are a number of other assignments based upon the admission of evidence. Counsel in their brief concede they are all dependent upon the ruling with respect to the demurrers. Upon the ruling made it follows that they should be overruled, which is accordingly done.

Affirmed.