## DESDEMONA STATE BANK & TRUST CO. v. TYLER et al.   (No. 1460.)

(Court of Civil Appeals of Texas. El Paso. April 12, 1923. Rehearing Denied May 3, 1923.)

1. **Banks and banking ⚙⇒154(5)—Allegations held sufficient in action to recover deposit from bank succeeding original bank of deposit.**

Where, in an action to recover a deposit, the supplementary petition alleged that the deposit was originally made in the D. bank and that defendant, as successor, had taken over "all the business and assets" of the D. bank, including "all deposits" in the D. bank, such allegation was sufficient as against the contention that it was not alleged that the deposit claimed was one of those taken over.

2. **Appeal and error ⚙⇒1040(10)—Failure to sustain exception to supplementary petition as unresponsive not reversible error, where pleading as a whole supported judgment.**

Failure to sustain exception to supplementary petition, because not responsive to defendants' or codefendants' pleadings, held not reversible error where plaintiff's pleadings as a whole supported the judgment and were sufficient to authorize introduction of evidence essential to recovery, and the substantial and ultimate rights of the defendant were not injuriously affected by the overruling of the exception.

3. **Appeal and error ⚙⇒1008(1)—Trial court's findings of fact control merits and disposition of case.**

The trial court's findings of fact control the intrinsic merits and proper disposition of a case.

4. **Appeal and error ⚙⇒1073(1)—Refusal to render judgment on cross-action, not error, though no answer filed, where court found against issue therein.**

Where the basis of defendant bank's cross-action against codefendants was that, when

plaintiff's deposit was made with defendants' predecessor, the deposit was passed to the credit of codefendants but upon that issue, as between plaintiff and defendant, the court found against defendant, it was not error to refuse to render judgment on the cross-action, even though no answer was filed, and where the cross-action was not filed until day of trial.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by W. E. Tyler against the Desdemona State Bank & Trust Company and others, in which action defendant bank filed a cross-action against codefendant firm of Allen, Stemmons & Porter. From an order refusing to render judgment on the cross-action, and from a judgment for plaintiff against it, the bank appeals. Affirmed.

Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellant.

Burkett, Orr & McCarty and J. R. Stubblefield, all of Eastland, for appellees.

## Statement of Case.

HIGGINS, J. The suit was brought by appellee, Tyler, against the Desdemona State Bank & Trust Company, Geo. Bridges, and the members of the firm of Allen, Stemmons & Porter, to recover a deposit of $1,000.

A condensed statement of the material facts, as found by the trial court, is as follows:

On September 5, 1919, the appellee, Tyler, entered into written contract with Geo. Bridges, the latter acting by his agents Allen, Stemmons & Porter, whereby Tyler agreed to lease certain land for oil and gas development, agreeing to pay $6,750 therefor, and, upon the execution of the contract, Tyler deposited the sum of $1,000 in the Desdemona Bank, an unincorporated banking association, which sum was deposited in escrow and as earnest money. Bridges agreed to furnish to Tyler an abstract of title within a certain time, showing a good and marketable title to the land. The abstract furnished failed to show a good and marketable title.

On September 23, 1919, the Desdemona Bank was merged into a state bank, to wit, the Desdemona State Bank & Trust Company, which took over the assets and deposits of the Desdemona Bank, including the deposit in controversy, and held the same in escrow under the terms of the contract between Tyler and Bridges, and so held the same when demand for its payment was made by the attorney for Tyler, and had refused to pay same.

The court concluded, as a matter of law, that appellant was liable to Tyler because it had accepted the deposit from the Desdemona Bank when it took over the assets of the Desdemona Bank on September 23, 1919, and had received and held said deposit in accordance with the terms of the contract with which contract Bridges had not complied.

The plaintiff dismissed as to Bridges. Judgment was rendered in favor of Tyler against the appellant, that Tyler take nothing against the members of the firm of Allen, Stemmons & Porter and that appellant take nothing by its cross-action against the members of said firm.

The original petition was framed upon the theory that the deposit was made directly with the appellant. The original petition did not give the names of the individuals composing the firm of Allen, Stemmons & Porter but sued simply the partnership. In the original petition the appellant was named as the Desdemona Bank & Trust Company.

Prior to the filing of an answer, the plaintiff filed a supplemental petition in which it was set up that the correct name of the bank was the Desdemona State Bank & Trust Company, that it was the successor of the Desdemona Bank in which the deposit was originally made, and that the Desdemona Bank had been reorganized and all of its business and assets, including all deposits, taken over by the Desdemona State Bank & Trust Company, and the latter, being the successor of and a reorganization of the Desdemona Bank, became responsible to all depositors of the Desdemona Bank and responsible to the plaintiff for the deposit of $1,000. The supplemental petition also supplied the names of the individuals composing the firm of Allen, Stemmons & Porter.

## Opinion.

[1] Appellant filed a general demurrer and various special exceptions directed against the original and supplemental petitions which were overruled. Error is assigned to this action, the proposition being that:

"In a suit against a bank for a special deposit, made in another bank, on the ground that the defendant Bank had taken over the business and assets, including all deposits of the depositee bank, it is essential to the statement of a cause of action that it be alleged that the deposit claimed was one of those thus taken over."

This is without merit, because in the supplemental petition it was averred that appellant had taken over "all the business and assets" of the Desdemona Bank, "including all deposits." We fail to see the force of the objection urged in view of the direct allegations in the supplemental petition that the deposit was originally made in the Desdemona Bank, and that appellant had taken over "all deposits" in that bank.

Error is also assigned to the overruling of

a special exception directed against the supplemental petition, to the effect that the same alleges no facts which are in response to any pleading of the defendant or its codefendants, and the matters therein set forth, if proper at all, are only such as can be set forth in an amended petition.

[2] This exception should have been sustained, but the action of the court in overruling the same is not ground for reversal. This is true for the reason that the pleadings as a whole supported the judgment. They were sufficient to authorize the introduction of the evidence essential to recovery, and upon the whole it is apparent that the substantial and ultimate rights of appellant were not injuriously affected by the overruling of the exception. Ry. Co. v. Midland Mercantile Co. (Tex. Civ. App.) 216 S. W. 627, in which a writ of error was refused. In the cited case this question was fully considered by this court and the authorities reviewed, and the same is referred to in support of the ruling upon this assignment. This ruling, however, is not to be construed as an approval by this court of such improper methods of pleading. From what has been said, it follows that appellant's third proposition is without merit.

[3] The fourth and fifth propositions are without merit, in view of the finding by the trial court, amply supported by the evidence, that all deposits of the Desdemona Bank passed into the hands of the appellant, including the deposit in controversy, and that appellant received and held the same in escrow under the terms of the contract. The court was well warranted in refusing credence to the evidence offered by appellant, tending to show that the deposit, when made in the Desdemona Bank, was passed to the credit of Allen, Stemmons & Porter and was not received by that bank or the appellant as a special deposit in escrow. The trial court resolved these issues of fact against appellant, and its findings control the intrinsic merits and proper disposition of the case.

[4] The last question presented complains of the failure of the court to render judgment in appellant's favor upon its cross-action against the members of the firm of Allen, Stemmons & Porter. It is asserted that appellant was entitled to judgment over because no answer to the cross-action was filed.

The basis of the cross-action was that, when the deposit was made with the Desdemona Bank it was passed to the credit of and received by Allen, Stemmons & Porter. Upon the issue between the appellant and the plaintiff the court found against appellant upon such issue. It was therefore proper to refuse to render judgment upon the cross-action, even if no answer had been filed. Looney v. Linney (Tex. Civ. App.) 21 S. W. 409.

Furthermore, this cross-action was not filed until the date upon which the trial was had, and the record reflects a state of facts which would have made it improper to render such judgment. It will serve no good purpose to detail the state of the record in this connection, but it is sufficient to say that it justified the refusal to render judgment by default upon the cross-action. See Grigsby v. May, 84 Tex. 240, 257, 258, 19 S. W. 343.

Affirmed.