**WESTERN UNION TELEGRAPH CO. v. FIRST STATE BANK & TRUST CO.** *
(No. 2240.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 16, 1924. Rehearing Denied Feb. 27, 1924.)

1. **Telegraphs and telephones ⬤=41—Company under duty to adopt rules for ascertaining genuineness of telegrams.**

A telegraph company owes its patrons and the public the duty of adopting proper rules to govern its employees in ascertaining the identity of parties or genuineness of telegrams delivered to it for transmission or delivery.

2. **Telegraphs and telephones ⬤=41—Company held negligent in transmitting forged message.**

In an action by a bank against a telegraph company for money paid out because of a forged message delivered by defendant, evidence that the telegram, with a typewritten signature, delivered by a person who may have been unknown to company's agent, and who could not be remembered by her, authorizing the payment of $2,500 in money, was not such an unusual occurrence as to create any suspicion in the mind of the employee, *held* insufficient to relieve the defendant of the charge of negligence.

3. **Trial ⬤=350(6)—Tendered issue furnishing only test of negligence held properly refused.**

In an action against a telegraph company for negligence in transmitting a forged message, where the court in its general charge defined negligence, an issue tendered by defendant as to whether there were any suspicious facts or circumstances accompanying the receipt of the message furnished only a test of negligence, and not the ultimate fact to be found, and was properly refused.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by the First State Bank & Trust Company against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Veale & Lumpkin, of Amarillo, for appellant.

Carl Gilliland, of Hereford, for appellee

═══════

RANDOLPH, J. This is the second appeal in this case. The former decision will be found in 241 S. W. 789.

As the statement of the case in the former opinion by Justice Boyce is full and complete, we will not restate the case except to make such additional statements as are necessary to explain the propositions we shall discuss, and we will not discuss such assignments and propositions clearly decided in the former opinion, except such as have newly arisen on the second trial or are now presented in a new aspect.

Appellant insists that it had "supplied such proof on the last trial of lack of acts or circumstances existing at the time of the delivery of the message or transmission of such character as to excite or arouse any suspicion as to the regularity of the telegram; no effort appears in the record on the part of the appellee to set aside, contradict, question, or discredit this testimony, nor does it appear that any effort whatever was made by appellee to show any negligence whatever on the part of appellant in receiving, transmitting, or delivering said message, other than the bare fact that it was unauthorized by the apparent sender—in other words, "forged," as will take this case out from under the operation of the rule laid down by the Supreme Court in the Uvalde Case, 97 Tex. 227, 77 S. W. 603, 65 L. R. A. 805, 1 Ann. Cas. 573.

[1] Before proceeding with the discussion of this proposition, we desire to comment upon conditions disclosed in the Uvalde Case which appear to have continued under the facts in this case as to the method of the telegraph company in conducting their business. The defendant company has not attempted to show that by any regulations whatever has it attempted to safeguard its patrons and the general public from the effect of the perpetration of such a fraud and apparent crime as this cause discloses. The Supreme Court, in the Uvalde Case, finds that under the testimony in that case such safeguards could have been furnished by the adoption of proper rules to govern its employees in ascertaining the identity of parties or genuineness of telegrams delivered to them for transmission and delivery. To hold that no such duty devolved on telegraph companies would throw wide the door of opportunity for the perpetration of fraud. A party who had never been a patron of the defendant could be made to suffer, when no act on his part aided or assisted in the initiation of the fraud.

[2] In answer to the contention of defendant that it has supplied such proof as shows that it was not guilty of negligence, we find from the statement of facts in the case that the defendant offered as a witness a lady who testified: That she was receiving clerk for defendant at Amarillo on the date on which the telegram in controversy was received. That it was her duty to receive messages coming from over the counter. That about 5 o'clock p. m. Sunday, June 2, 1918, she received the message in question. She does not know from whom she received the message or who paid for it. That several hundred messages were received during the course of the day. This message was received just as all other messages were. That nothing happened in connection with receiving the message which would cause her to believe that the message was fraudulent. She does not remember whether she received it from a man or a woman. There was nothing unusual or out of the ordinary in the receiving and transmission of the message, and there was no circumstance or thing occurred in the handling or transmission of the message that would have caused her to believe that anything was wrong with said message. In other words, such was the custom of the company in receiving, handling, and transmission of messages delivered to it, that the fact that a telegram with typewritten signature, delivered by a person who may have been unknown to the company's agent, and who cannot now be remembered by her, authorizing the payment of $2,500 in money, was not such an unusual occurrence as to create any suspicion in the mind of the employee. It is this very condition that is reprobated in the Uvalde Case, and we cannot conceive that such proof was sufficient to have relieved the defendant from the charge of negligence.

[3] The error assigned is that the trial court failed to submit to the jury defendant's special issue No. 1, in which the jury were asked, "At the time the defendant, Western Union Telegraph Company, received the message or telegram mentioned and described in plaintiff's petition, for transmission and delivery, were there any suspicious facts or circumstances accompanying the receipt of such message?" The court, in his general charge, defined negligence. Under our holding as set out above such special charge was not proper. The issue tendered only furnishes a test of negligence, is evidentiary, is not the ultimate fact to be found—that is, negligence—hence it was not proper to submit this to the jury.

In view of the former decision of this court upon such matters as were submitted upon the other appeal and which are resubmitted in this appeal, we decline to reverse our holding, and in view of our holding in this matter, as above set forth, we overrule all assignments of error, and affirm the judgment of the trial court on this appeal.