## BOOTH LUMBER & LOAN CO. v. BUCY.
(No. 2050.)

Court of Civil Appeals of Texas. El Paso. Oct. 6, 1927.

Rehearing Denied Oct. 27, 1927.

1. **Frauds, statute of ⬅️33(1) — Statute held inapplicable where facts showed original promise to pay another's debt, supported by independent consideration.**

Where facts showed an original promise to pay another's debt, supported by independent valuable consideration, and not a collateral promise to pay another's debt, statute of frauds did not apply.

2. **Appeal and error ⬅️253—In absence of exception, irregularity in pleading new matter by supplemental petition was not reversible error, no prejudice appearing.**

Though new matter alleged as basis for recovery should have been alleged in amended original petition instead of by supplemental petition, in absence of exception or objection which would have required it to be stricken out, the irregularity in the pleadings was no ground for reversal where prejudice was not shown.

Appeal from Dallas County Court at Law; Paine L. Bush, Judge.

Suit by C. E. Bucy against the Booth Lumber & Loan Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Read, Lowrance & Bates, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

HIGGINS, J. [1] The finding of the jury upon issue 4, supplemented by the court's findings, supports the judgment. These facts do not show a collateral promise to pay the debt of Davis, but an original promise by appellant to pay same, supported by an independent valuable consideration. Therefore the statute of frauds has no application. The supplemental petition alleges a valuable con-

sideration and the evidence supports the same.

[2] The new matter contained in the supplemental petition as a basis of recovery should have been sent up by an amended original petition. Upon exception it should have been stricken from the supplemental petition. No such exception was filed and no objection made to the submission of issue 4. In this condition of the record, and no prejudice appearing, the irregularity of the manner in which the pleadings present the issues affords no ground for reversal. Bank v. Tyler (Tex. Civ. App.) 250 S. W. 742; O'Neil v. O'Neil (Tex. Civ. App.) 258 S. W. 591; Railway v. Midland Mercantile Co. (Tex. Civ. App.) 216 S. W. 627.

Booth, as president of appellant, had implied authority to make the contract in its behalf.

The tenth proposition is not raised by assignment and, in any event, is without merit because it is based upon a misconception of the effect of the evidence and not supported by any plea of payment.

Affirmed.