## ROGERS v. DAY.

### No. 2476.

Court of Civil Appeals of Texas. El Paso.

Dec. 18, 1930.

D. J. Brookreson, of Benjamin, for appellant.

Ernest Herring, of Aspermont, and Ratliff & Ratliff, of Haskell, for appellee.

HIGGINS, J.

Rogers brought this suit against Day, setting up that the plaintiff was the owner of the Manuella Cordova league and labor of land and facts showing the defendant had unlawfully entered upon said land and was trespassing thereon and using the same. The prayer was for a temporary injunction restraining defendant from trespassing upon the land, using the grass and water thereon, and disturbing plaintiff in the peaceable enjoyment of the land, and upon final hearing the injunction be perpetuated. A temporary injunction was issued as prayed. The case came on for trial and a general demurrer to the petition was sustained. Upon appeal it was held that such demurrer was improperly sustained. Rogers v. Day (Tex. Civ. App.) 19 S.W.(2d) 577. For further particularity as to the allegations of the petition, see the opinion upon former appeal. After the reversal of the former judgment, the defendant filed an amended answer setting up that he was the owner of survey No. 3, T. & N. O. R. Co. land; that plaintiff is the owner of the Manuella Cordova league west of and adjoining plaintiff's land; that plaintiff claimed the boundary line between the Cordova league and section 3 to be east of where commonly claimed to be and had a survey made, built a fence thereon, and forcibly took possession of the disputed strip; that the real boundary line between the lands is 1,344 varas west of where plaintiff claims it to be.

Further allegations were made showing title in defendant to the disputed strip under the ten years' statute of limitations.

The prayer of the answer was that the temporary injunction be dissolved and defendant be discharged.

In reply to the amended answer, the plaintiff filed a supplemental petition as follows:

"(1) That as stated in said answer, the Plaintiff did not, at the time he instituted this suit, and does not at this time, claim title or right of possession to Section No. 3 T. & N. O. Ry. Co. Survey in Stonewall County, Texas, and as far as he knows or believes, the Defendant is the owner of same, but that on each and all of said times, the Plaintiff was and now is in possession of and using as a Ranch the said Manuella Cordova League and labor of land, with other lands not involved in this suit, as a lessee using the same as a cattle ranch, having same fenced and improved and stocked with high grade cattle, as alleged in his original petition, and the real issue herein is the true location of the boundary line separating said surveys of land.

"(2) That on or about the ——— day of July, A. D. 1928, and for a long time prior thereto, the Plaintiff was in possession of said Section No. 3, T. & P. N. O. Ry. Co. Survey now claimed by Defendant, under a lease from one C. N. Darling, under whom he is informed Defendant now claims, using and occupying same as a portion of his said Ranch along with said Manuella Cordova League and Labor and other lands now held by him and. that during all of said time, and for many years prior thereto, the East boundary line of said Manuella Cordova Survey was not marked on the ground, and there was no fence dividing same, but both tracts were included in the same pasture. That the said Manuella Cordova Survey is the older survey having been awarded under Certificate

No. 262, Class 1, issued by W. S. Hotchkiss, Commissioner of Claims on April 5th, 1861, and Patented on the 18th day of July A. D. 1871, by Patent No. 634 Vol. 18, and the said Survey No. 3 T. & N. O. Ry. Co. Survey claimed by Defendant was located long afterwards, with its beginning fixed at a point in the east boundary line of said Manuella Cordova Survey. That the lands in and around said Ranch are rough, broken lands, and difficult of access, and for many years prior to the above date, the fences thereon were located without reference to the section and survey lines, but had been run along irregular lines, and at places where the land was best suited for fencing, but on the above date, the plaintiff employed a licensed State Surveyor to locate the boundary line of said Manuella Cordova survey, and placed along same a good substantial fence, which follows such line as located by said surveyor, and turned out of said pasture, and delivered to the said Darling, the said Section No. 3 T. & N. O. Ry. Co. Survey, now claimed by the Defendant herein, and has not claimed same since said time.

"That the patent and field-notes of said Manuella Cordova survey calls for, as a beginning point, the North East Corner of the Daniel Martindale 320 acre Survey Number Three, being a flat rock, marked 'X,' which said flat rock is a large, fixed, natural object, clearly and plainly marked 'X,' and easily found upon the ground, and established for many years, and is laid out in a square 5100 varas on each side, and containing one league and labor of land. That the said Licensed State Surveyor in locating the said East line of said Manuella Cordova Survey, did begin at said fixed and natural object, and run same on the ground and had the said East line thereof well marked and cleared of brush and trees, and the Plaintiff constructed said fence directly upon and along said line so located, and has maintained and kept same at such place from and after its construction, where it is now located, and the Plaintiff specially denies that such fence and boundary line is 1344 varas, or thereabout east from its true location, and demands strict proof of same, and of this he puts himself upon the country, and prays judgment of the court.

"(3) The plaintiff specially denies that portion of said Amended Answer wherein it is alleged that the real boundary line between the lands possessed by Plaintiff under lease, on the west of the land claimed by him, is 1344 varas or thereabouts west· of where Plaintiff claims it to be, and that the Defendant and those under whom he claims has had said Section No. 3 fenced and using same for more than ten years, by a fence separating same, which stood continuously for more than 25 years and says that the same are not true, and of this he puts himself upon the Country, and prays judgment of the Court.

"Wherefore, the plaintiff prays that Defendant take nothing by his claim for location of said boundary line some 1344 varas west from its present location, as marked by said survey and said fence so erected thereon, and for judgment establishing said boundary line as located by said surveyor and marked by said fence, and that the temporary injunction heretofore granted herein by the Court be made perpetual, for costs of suit, and general and special relief, both legal and equitable, as well as all relief originally prayed for herein."

To this the defendant filed a supplemental answer consisting of demurrers and general denial.

Upon the trial the parties entered into an agreement which reads:

"It is agreed by and between the plaintiff and the defendant in the above styled and numbered cause that if evidence were heard in said cause, the plaintiff would introduce evidence tending to show that the fence erected by him about the first of August, 1928, was placed directly upon and along the line located for him by the licensed State Surveyor, and testimony tending to show that said Surveyor located said line in its true and proper position and place; and that the defendant would introduce evidence tending to show that the true location of said boundary line should be about 1344 varas west from the place where said fence was so erected, and testimony tending to support their claim for title to said land under their plea of limitation."

The court's judgment recites that upon consideration of "all of said pleadings above mentioned and said agreement, is of the opinion that this is a boundary suit, and that plaintiff had his adequate legal remedy at law of trespass to try title to the strip of land in controversy, and to determine the true boundary, and that the suit for injunction was not the proper remedy herein.

"It is therefore considered, ordered, adjudged and decreed by the Court that the injunction prayed for herein be and the same is refused, that plaintiff recover nothing from defendant by reason of this suit, and that the injunction heretofore granted be and is hereby dissolved, and that the defendant W. E. Day go hence without day and recover from plaintiff all costs in this behalf incurred for which let execution issue."

From this judgment the plaintiff appeals.

█ It will be observed the court's judgment was predicated upon the theory that the issue presented was simply one of boundary and the equitable suit for injunction was not the proper remedy for the establishment of the true boundary line. The proposition of law upon which the court acted is well

settled. Allen & Yarbrough v. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 1102; Simms v. Reisner (Tex. Civ. App.) 134 S. W. 278; Rogers v. Day (Tex. Civ. App.) 20 S.W.(2d) 104, and cases cited.

But we think the court erred in its view of the nature of the action disclosed by the present pleadings and the relief to which the plaintiff was entitled.

The nature of an action is determined by the facts pleaded and the relief sought. Elder, Dempster & Co. v. Ry. Co., 105 Tex. 628, 154 S. W. 975; Cavin v. Hill, 83 Tex. 73, 18 S. W. 323; Pecos & N. T. Ry. Co. v. St. Ry. Co. (Tex. Civ. App.) 171 S. W. 1103.; Georgetown Merc. Co. v. Bank (Tex. Civ. App.) 165 S. W. 73.

The case made by the original petition is purely one for injunction, as was held upon the former appeal. But the defendant's amended answer injected the issue of boundary and claim of title under the ten years' statute of limitations. By supplemental petition plaintiff joined issue upon the questions presented by the answer. Not only did the supplemental petition contain a prayer for general relief, but it prayed specially "for judgment establishing said boundary line as located by said surveyor and marked by said fence."

It thus appears that by the allegations of the answer and supplemental petition the original nature of the action was completely changed and resolved itself into a suit to establish boundary and a contest over the issue of title asserted by the defendant under the ten years' statute of limitations.

The manner of pleading by which the true issues in the case were presented and joined is not to be commended, but there was no reason why the court should not have proceeded to the trial of such issues and rendition of the proper judgment thereon, disregarding entirely the prayer of the original petition for injunctive relief. Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324; Railway Co. v. Midland Merc. Co. (Tex. Civ. App.) 216 S. W. 627; O'Neil v. O'Neil (Tex. Civ. App.) 258 S. W. 588, and cases cited.

The view we have of the merits of this appeal is perhaps not presented by the assignments of error and propositions submitted in appellant's brief, but the erroneous nature of the judgment rendered is apparent upon inspection of the pleadings and the judgment. The error is therefore fundamental and calls for reversal, regardless of any possible deficiency of proper presentation in the brief.

That portion of the judgment of the court below dissolving the temporary injunction heretofore granted is affirmed, and in all other respects the judgment is reversed and the cause remanded for retrial.

Affirmed in part; reversed and remanded in part.